FILED

2009 JAN 14  PM 12: 11

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

1   CAROL W. LYNCH (State Bar No. 102149)
    CITY ATTORNEY
2   CITY OF RANCHO PALOS VERDES

3   RICHARDS, WATSON & GERSHON
     A Professional Corporation
4   MITCHELL E. ABBOTT (State Bar No. 64990)
    VERONICA S. GUNDERSON (State Bar No. 252158)
5   355 South Grand Avenue, 40th Floor
    Los Angeles, California 90071
6   Telephone: (213) 626-8484
    Facsimile: (213) 626-0078

7

8   Attorneys for Defendant,
    *City of Rancho Palos Verdes*

9

10              **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12                    **WESTERN DIVISION**

13

14   VH PROPERTY CORP and VHPS LLC,     | Case No.

         Plaintiff,                      **CV09-00298 MMM PJW**

15                                       NOTICE OF REMOVAL TO
         v.                              UNITED STATES DISTRICT
16                                       COURT (28 U.S.C. §1441(b))

17   CITY OF RANCHO PALOS VERDES;        Los Angeles County Superior Court
     COTTON, SHIRES, AND                 Case No. BC404048
18   ASSOCIATES, INC.; WILLIAM
     COTTON; HELENSCHMIDT                Complaint Filed: December 18, 2008
19   GEOTECHNICAL, INC.; STANLEY
     HELENSCHMIDT; GEOKINETICS
20   INC. a/k/a APPLIED GEOKINETICS;
     GLENN TOFANI; and DOES 1-100,

21       Defendants.

22

23

24

25

26

27

28

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

R6876\0001\1109677.3

1  TO THE CLERK OF THE UNITED STATES DISTRICT COURT

2  FOR THE CENTRAL DISTRICT OF CALIFORNIA:

3        Defendant, City of Rancho Palos Verdes, hereby gives notice of removal of

4  that certain civil action, filed on December 18, 2008, in the Los Angeles County

5  Superior Court, entitled *VH Property Corp., et al. v. City of Rancho Palos Verdes,*

6  *et al.*, and bearing Docket No. BC 404048 in the files of said court, to the United

7  States District Court for the Central District of California, Western Division,

8  pursuant to 28 U.S.C. §§ 1441(b), 1446 and 1447.

9        The grounds for removal are that plaintiffs' complaint contains causes of

10  action over which this Court has original jurisdiction pursuant to 28 U.S.C. §

11  1331, including the alleged taking of property without payment of just

12  compensation, in violation of the Fifth Amendment to the United States

13  Constitution, alleged violation of rights of due process, in violation of the

14  Fourteenth Amendment to the United States Constitution, alleged violation of

15  rights to equal protection under the laws, in violation of the Fourteenth

16  Amendment to the United States Constitution, and alleged deprivation of rights

17  secured by the Constitution and Laws of the United States, in violation of 42

18  U.S.C. §1983.

19        Venue is proper in the Western Division of the Central District because the

20  claims arose in the Western Division, and specifically within the City of Rancho

21  Palos Verdes.

22        Removal is timely in that the complaint was filed in the Los Angeles County

23  Superior Court on December 18, 2008.  This Defendant has not yet been formally

24  served with the Summons and Complaint.

25        Copies of the summons, complaint, and all other pleadings, papers and

26  records on file in the Los Angeles County Superior Court are attached hereto as

27  Exhibit "A."

28        A copy of this Notice of Removal will be filed with the Clerk of the Los

-2-

R6876\0001\1109677.3

1   Angeles County Superior Court, Central District, and a copy of this Notice is

2   being served on counsel for Plaintiffs. To this Defendant's knowledge, no other

3   defendants have been served or appeared in this action.

4

5   DATED: January 13, 2009                    CAROL W. LYNCH
                                               City Attorney
6                                              City of Rancho Palos Verdes

7                                              MITCHELL E. ABBOTT
                                               VERONICA S. GUNDERSON
8                                              RICHARDS, WATSON & GERSHON
                                                A Professional Corporation
9

10
                                               By: _____
11                                             Mitchell E. Abbott
                                               Attorneys for Defendant,
12                                             *City of Rancho Palos Verdes*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Removal to United States District Court

R6876\0001\1109677.3

**EXHIBIT A**

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY OF RANCHO PALOS VERDES; COTTON, SHIRES AND
ASSOCIATES, INC.; WILLIAM COTTON; HELENSCHMIDT
GEOTECHNICAL INC.; STANLEY HELENSCHMIDT; GEOKINETICS
INC. a/k/a APPLIED GEOKINETICS; GLENN TOFANI; and
DOES 1-100,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
VH PROPERTY CORP. and VHPS LLC,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**FILED**
LOS ANGELES SUPERIOR COURT

DEC - 8 2008

JOHN A CLARKE, CLERK

BY MARY GARCIA, DEPUTY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.   There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.   Una carta o una llamada telefónica no lo protegen.   Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.   Es posible que haya un formulario que usted pueda usar para su respuesta.   Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.   Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.   Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales.   Es recomendable que llame a un abogado inmediatamente.   Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.   Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.   Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):*<br>Los Angeles Superior Court<br>111 North Hill Street<br><br>Los Angeles, CA 90012<br>Stanley Mosk Courthouse | *(Número del Caso):* **BC404648** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott Wellman, SBN: 82897
Stuart Miller, SBN: 175849            (949)580-3737    (949)580-3738
Wellman & Warren, LLP, 24411 Ridge Route Drive, Suite 200
Laguna Hills, CA 92653

DATE:                         JOHN A. CLARKE, Clerk by                              , Deputy
*(Fecha)*        DEC 18 2008        *(Secretario)*                   M. GARCIA          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

**FILED**
LOS ANGELES SUPERIOR COURT

DEC 18 2008

JOHN A. CLARKE, CLERK
BY MARY GARCIA, DEPUTY

ORIGINAL

D-59

1  SCOTT W. WELLMAN (82897)
   STUART MILLER (175849)
2  WELLMAN & WARREN LLP
   24411 Ridge Route, Suite 200
3  Laguna Hills, CA 92653
   Tel. (949) 580-3737
4  Fax (949) 580-3738
   swellman@w-wlaw.com
5  stuartmiller@earthlink.net

6  Attorneys for Plaintiff

7

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10               COUNTY OF LOS ANGELES        BC404048

11 VH PROPERTY CORP. and VHPS LLC,    Case No.

12        Plaintiffs,                  VERIFIED COMPLAINT AND PETITION
                                       FOR
13     v.                              (1)   INVERSE CONDEMNATION
                                       (2)   TAKING OF PROPERTY
14 CITY OF RANCHO PALOS VERDES;              WITHOUT JUST
   COTTON, SHIRES AND ASSOCIATES,            COMPENSATION
15 INC.; WILLIAM COTTON;               (3)   VIOLATION OF DUE PROCESS
   HELENSCHMIDT GEOTECHNICAL                 (FEDERAL)
16 INC.; STANLEY HELENSCHMIDT;         (4)   VIOLATION OF DUE PROCESS
   GEOKINETICS INC. a/k/a APPLIED            (STATE)
17 GEOKINETICS; GLENN TOFANI; and      (5)   VIOLATION OF EQUAL
   DOES 1-100,                               PROTECTION (FEDERAL)
18                                     (6)   VIOLATION OF EQUAL
          Defendants.                        PROTECTION (STATE)
19                                     (7)   FRAUD
                                       (8)   BREACH OF CONTRACT
20                                     (9)   BREACH OF IMPLIED
                                             COVENANTS OF GOOD FAITH
21                                           AND FAIR DEALING
                                       (10)  UNJUST ENRICHMENT
22                                     (11)  INTERFERENCE WITH
                                             PROSPECTIVE ECONOMIC
23                                           ADVANTAGE
                                       (12)  UNFAIR BUSINESS PRACTICES
24                                     (13)  WRIT OF MANDAMUS

25                         **PARTIES**

26     1. Plaintiff VH Property Corp. is a corporation formed under the laws of the State of

27 Delaware, with its principal place of business in Rancho Palos Verdes, California.

28     2. Plaintiff VHPS LLC is a limited liability corporation formed under the laws of the

CIT/CASE: BC404048 LEA/DEF#:
RECEIPT #: CCH4786057023
DATE PAID: 12/18/08 02:08:11 PM
PAYMENT: $870.00
CHECK:
CASH:
CHANGE:
RECEIVED: $870.00
0310

1   State of Delaware and is a wholly-owned subsidiary of VH Property Corp.  VH Property Corp.

2   and VHPS LLC are jointly referred to in this complaint as "VH."

3          3. Defendant City of Rancho Palos Verdes ("the City") is a corporate municipality within

4   the County of Los Angeles and State of California, and has the capacity to sue and be sued.

5          4. Defendant Cotton, Shires and Associates ("CSA") is a corporation organized under

6   the laws of the State of California and doing business in the County of Los Angeles.  The City

7   has retained CSA as a consulting geologic and geotechnical firm for review of VH's

8   development submissions.  In that capacity, CSA reviews and comments upon VH's geologic

9   and geotechnical submissions to the City.

10         5. Defendant William Cotton is a geologist, a geologic consultant to the City, and a

11  principal of CSA.  On information and belief, he has primary authority within CSA for the

12  review of VH's submissions, and is responsible for its actions recited in this complaint.

13         6. Defendant Helenschmidt Geotechnical Inc. ("HGI") is a corporation organized under

14  the laws of the State of California.  It does geologic and geotechnical review for the City of

15  Rancho Palos Verdes either under direct contract with the City or as a subcontractor to CSA.

16         7. Defendant Stanley Helenschmidt is a geotechnical engineer.  On information and

17  belief, he is a principal of HGI, and is responsible for its actions recited in this complaint.  He

18  has also done work for CSA with regard to the review of VH's submissions to the City.

19         8. Defendant Geokinetics Inc., also known as Applied Geokinetics ("Geokinetics"), is a

20  corporation organized under the laws of the State of California and doing business in the County

21  of Los Angeles.

22         9. Defendant Glenn Tofani is a geotechnical engineer, a consultant to the City, and a

23  principal of Geokinetics.  He is a member of a peer review panel retained to review VH's

24  submissions, CSA's comments on VH's submissions, and other matters concerning VH's efforts

25  to develop its property.

26         10. The true names and capacities of those individuals and entities sued as Does 1

27  through 100 are unknown to VH, who therefore sue those defendants by such fictitious names.

28  VH will seek leave of this court to amend this complaint to allege their true names and

VERIFIED COMPLAINT AND PETITION

2

1   capacities when ascertained. On information and belief, each of these defendants is an agent
2   and employee of each of the other defendants, and proximately caused VH's damages while
3   acting in such capacity.

4        11. On information and belief, each defendant is the agent and alter ego of the other
5   defendants, such that the wrongful acts of each defendant are imputed to every other defendant.
6   Defendants are so involved with one another that individuality and separateness among them
7   does not exist. All defendants therefore are liable for the acts of each defendant recited in this
8   complaint.

9        12. All actions of the City recited in this complaint were made under color of state law
10  and pursuant to "a statute, ordinance, regulation, custom, or usage" of the City within the
11  meaning of 42 U.S.C. § 1983.

12       13. CSA, William Cotton, HGI, Stanley Helenschmidt, Geokinetics, and Glenn Tofani
13  have each jointly engaged and willfully participated with the City in the acts recited in this
14  complaint, and acted with knowledge of and pursuant to "a statute, ordinance, regulation,
15  custom, or usage" of the City within the meaning of 42 U.S.C. § 1983.

16       14. The City subsidized and regulated the other defendants' conduct recounted below,
17  and compelled and encouraged that conduct. All defendants have engaged in a common scheme
18  or plan to commit the tortious acts recited in this complaint and are vicariously liable for the acts
19  of one another as civil conspirators.

20       15. The defendants other than the City were performing a function which normally is
21  performed exclusively by municipalities.

22       16. VH has suffered damage from defendants under each cause of action in this
23  complaint. On information and belief, the acts of the defendants recited in this complaint have
24  caused VH to suffer damages in excess of $100,000,000.

25       17. VH has filed or will shortly file a notice of claim with the City for the third cause of
26  action and causes of action 5 through 11. VH will amend this complaint when the City responds
27  to the notice of claim or when its time to respond has expired.
28  ///

VERIFIED COMPLAINT AND PETITION
3

## FIRST CAUSE OF ACTION AGAINST CITY OF RANCHO PALOS VERDES
## INVERSE CONDEMNATION (REGULATORY TAKING)

18. VH repeats the allegations of ¶¶ 1-16 as if stated in full here.

19. VH is the owner of property in the City, including the real property and business known as Trump National Golf Club.  The Trump National Golf Club operates one of the premier golf courses in the United States.

20. VH has a development plan for its property.  Besides improvements already in place, the plan includes the building of luxury homes and other improvements that are in keeping with the Trump image, and which will enhance the beauty and quality of life of the City.  In accordance with its plan, VH has been seeking to develop its property in all of the following ways, among others:

a. By constructing sixteen homes in the area now used as a driving range;

b. By constructing four homes landward from the existing clubhouse.

c. By constructing a terrace on the clubhouse.

d. By maintaining ficus trees on the property.

21. All of the development projects listed above require the permission of the City.

22. VH has sought the permission of the City for the development activities listed above.

23. The City has withheld permission for the development projects listed above.

24. The City's withholding of permission for the development projects listed above has been unreasonable and pretextual.  On information and belief, defendants do not intend that the administrative process will come to and end.

25. VH's property is safe for the purposes for which it has sought development approval.

26. On information and belief, the City has known for many years that VH's property is safe for the purposes for which VH has sought development approval.

27. The City has caused VH to spend millions of dollars on unnecessary, repetitive, unreasonable, and unlawful geologic and geotechnical studies and reviews, and in satisfaction of other unnecessary, repetitive, unreasonable, and unlawful bureaucratic requirements.

28. Defendants repeatedly have changed the requirements for approval, so when VH

---

VERIFIED COMPLAINT AND PETITION

4

1  satisfied one requirement, defendants would impose another.

2      29. The City has charged VH excessive amounts for studies, reviews, and requirements

3  that were unnecessary, repetitive, unreasonable, and unlawful.

4      30. The City has demanded unnecessary and unwarranted remediation of VH's property.

5      31. On information and belief, defendants have held VH to geologic standards that they

6  know are unnecessary for safety.

7      32. VH's administrative remedies are futile for each and all of the following reasons,

8  among others:  (a) they involve inordinate and improper expense, (b) they involve repetitive and

9  unnecessary procedures, (c) they involve excessive delays, (d) defendants have not reasonably

10  evaluated VH's submissions, (e) on information and belief, defendants have treated VH's

11  applications as a continuing source of revenue, (f) defendants repeatedly have changed and

12  augmented the requirements for approval, and (g) on information and belief, defendants do not

13  intend that the administrative process will come to and end.

14      33. The City allows its own residents to develop both vacant and inhabited residential

15  property without requiring them to meet the geologic and geotechnical standards it imposes on

16  VH.

17      34. The Terranea Hotel is within the City.

18      35. The City has authorized the development of the Terranea Hotel property with greater

19  leniency and indulgence regarding geologic, geotechnical, landscaping, and construction issues

20  than it has applied to VH.

21      36. The City imposes restrictions on VH regarding the height of houses and trees that it

22  does not impose upon others.

23      37. The City imposes view restrictions on VH that it does not impose on others.

24      38. The City has treated VH unfavorably compared to its treatment of other property

25  owners, without justification.

26      39. At defendants' demand, VH has presented to defendants far more information than is

27  needed to evaluate VH's applications.

28      40. The City's restrictions on the use of VH's property constitute an inverse

VERIFIED COMPLAINT AND PETITION

5

1  condemnation, or regulatory taking, under both the United States and California Constitutions,

2  pursuant to *Penn Central Transportation Co. v. City of New York* (1978) 438 U.S. 104 [98 S.Ct.

3  2646, 57 L.Ed.2d 631] and *Kavanau v. Santa Monica Rent Control Board* (1997) 16 Cal.4th

4  761, 773-74.

5  **SECOND CAUSE OF ACTION AGAINST CITY OF RANCHO PALOS VERDES**

6  **TAKING OF PROPERTY FOR PUBLIC USE WITHOUT JUST COMPENSATION**

7  41. VH repeats the allegations of ¶¶ 1-16 and 18-39 as if stated in full here.

8  42. VH (or its predecessor in interest) agreed that VH would transfer large tracts of

9  valuable real estate to the City and other parties, and would improve certain areas, maintain

10 certain wildlife habitat areas, and indemnify the City, as conditions of approval of VH's plan for

11 development, including the construction of the houses mentioned in ¶ 20 above.

12 43. VH complied with the agreement recited in the preceding paragraph.

13 44. The City has taken VH's property for public use without paying just compensation.

14 **THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS**

15 **VIOLATION OF DUE PROCESS (FEDERAL CONSTITUTION)**

16 45. VH repeats the allegations of ¶¶ 1-16, 18-39, and 42-43 as if stated in full here.

17 46. CSA, William Cotton, HGI, and Stanley Helenschmidt conduct geologic and

18 geotechnical reviews concerning development applications for the City.

19 47. CSA, William Cotton, HGI, and Stanley Helenschmidt have conducted geologic and

20 geotechnical reviews concerning VH's development applications for the City.

21 48. VH is required to pay the fees of CSA, William Cotton, HGI, and Stanley

22 Helenschmidt concerning VH's development applications.

23 49. VH has paid to CSA, HGI, and/or the City over $3,000,000 for reviews and other

24 work by CSA, William Cotton, HGI, and Stanley Helenschmidt.

25 50. Geokinetics and Glenn Tofani have conducted geologic peer review involving VH's

26 development applications for the City.

27 51. By definition, peer review requires independent and impartial evaluation.

28 52. VH has paid to Geokinetics or to the City about $380,000 for review by Geokinetics

1 and Glenn Tofani.

2      53. On information and belief, CSA, William Cotton, HGI, Stanley Helenschmidt,

3 Geokinetics, and Glenn Tofani have reviewed VH's applications and geologic and geotechnical

4 submissions unfairly and without impartiality. They have caused VH to perform unnecessary

5 geologic and geotechnical testing and analysis, and made recommendations to the City adverse

6 to VH's applications for the purposes of delaying or deterring VH's applications and making

7 more money for themselves and the City.

8      54. Defendants have charged VH excessive amounts of money for work done by CSA,

9 William Cotton, HGI, Stanley Helenschmidt, Geokinetics, and Glenn Tofani. VH has paid

10 those charges.

11      55. Defendants have demanded unnecessary and unwarranted remediation of VH's

12 property.

13      56. Defendants have known for many years that VH's property is safe for the purposes

14 for which VH has sought development approval.

15      57. CSA, William Cotton, HGI, and Stanley Helenschmidt have improperly performed

16 unauthorized work and charged VH for it. VH has paid those charges.

17      58. Tofani testified as the City's principal expert in *Monks v. City of Rancho Palos*

18 *Verdes*, No. YS010425. Tofani relied at trial on a controversial book prepared for the trial by

19 Geokinetics, much of which was introduced into evidence. Tofani's role as a partisan witness,

20 Geokinetic's preparation of the book, and the evidence Tofani gave are inconsistent with the

21 required impartiality of a member of the peer review panel reviewing VH's geologic and

22 geotechnical submissions and the analyses of them by CSA and William Cotton. Geokinetics

23 and Tofani therefore have a conflict of interest.

24      59. At all times, the City was aware of, and authorized, the facts recited in ¶¶ 41-50 and

25 52-53.

26      60. Under the Due Process Clause of the United States Constitution, VH is entitled to

27 fair and impartial review of its development applications.

28      61. All defendants have violated VH's right to due process of law under the United

VERIFIED COMPLAINT AND PETITION

7

1  States Constitution.

2  **FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**

3  **VIOLATION OF DUE PROCESS (CALIFORNIA CONSTITUTION)**

4  62. VH repeats the allegations of ¶¶ 1-39 and 42-60 as if stated in full here.

5  63. Under the Due Process Clause of the California Constitution, VH is entitled to fair

6  and impartial review of its development applications.

7  64. All defendants have violated VH's right to due process of law under the California

8  Constitution.

9  **FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**

10  **VIOLATION OF EQUAL PROTECTION (FEDERAL CONSTITUTION)**

11  65. VH repeats the allegations of ¶¶ 1-39, and 42-60 as if stated in full here.

12  66. There is no rational basis for the City's disparate treatment of VH versus others.

13  67. Defendants have denied VH equal protection of the laws under the United States

14  Constitution.

15  **SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**

16  **VIOLATION OF EQUAL PROTECTION (CALIFORNIA CONSTITUTION)**

17  68. VH repeats the allegations of ¶¶ 1-39, 42-60, and 66 as if stated in full here.

18  69. Defendants have denied VH equal protection of the laws under the California

19  Constitution.

20  **SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**

21  **FRAUD**

22  70. VH repeats the allegations of ¶¶ 1-39, 42-60, and 66 as if stated in full here.

23  71. Whenever defendants sought additional information from VH, or reported their

24  conclusions to VH, or made decisions concerning VH's applications, defendants represented to

25  VH that they would evaluate VH's development applications fairly.

26  72. VH believed defendants' representations that they would evaluate VH's development

27  applications fairly, and were justified in that belief.

28  73. VH expended millions of dollars in pursuit of its applications to pay for the studies

VERIFIED COMPLAINT AND PETITION

8

1   and reviews demanded by defendants.

2       74. On information and belief, defendants knew that (a) they would not evaluate VH's

3   applications fairly; (b) they were charging VH for unnecessary, duplicative, and unauthorized

4   studies and reviews; (c) the geologic and geotechnical standards they were requiring VH to meet

5   are not necessary for safe development; (d) the City does not require its own residents who seek

6   to develop land in the City to meet the geologic and geotechnical standards it requires VH to

7   meet.

8       75. On information and belief, defendants have delayed VH's proposed development as

9   long as possible so they could make as much money from VH as they could.

10      76. On information and belief, defendants intended for VH to believe that they were

11  reviewing VH's applications fairly.

12      77. On information and belief, it is defendants' intent never to grant VH's applications.

13      78. As a result of defendants' false representations, VH has been damaged by not being

14  able to use its property to its best and highest safe use.

15      79. The acts of all defendants were willful, wanton, malicious, oppressive, and

16  outrageous, and justify the awarding of punitive or exemplary damages against CSA, William

17  Cotton, HGI, Stanley Helenschmidt, Geokinetics, and Glenn Tofani.

18          **EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**

19          **BREACH OF CONTRACT (THIRD PARTY BENEFICIARY)**

20      80. VH repeats the allegations of ¶¶ 1-39, 42-60, 66, and 71-78 as if stated in full here.

21      81. VH has paid defendants large sums of money to evaluate VH's development

22  submissions.

23      82. On information and belief, there are contractual relationships among defendants

24  whereby defendants are required to evaluate VH's development submissions fairly and without

25  undue delay or expense.  VH is a third-party beneficiary to those contracts.

26      83. VH has performed all acts required of it as a third-party beneficiary under the

27  contractual relationships among defendants.

28      84. Defendants have breached the contracts described above by not evaluating VH's

VERIFIED COMPLAINT AND PETITION
9

1  development submissions fairly and without undue delay or expense.

2     85. Defendants are liable to VH for breach of contract.

3  ### NINTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

4  ### BREACH OF IMPLIED COVENANTS OF GOOD FAITH AND FAIR DEALING

5  ### (IMPLIED CONTRACT)

6     86. VH repeats the allegations of ¶¶ 1-39, 42-60, 66, 71-78, and 81-84 as if stated in full

7  here.

8     87. There are implied agreements and understandings between VH and each defendant

9  whereby each defendant, and defendants jointly, are to evaluate VH's development applications

10 fairly and in good faith.

11    88. Defendants have breached the covenants of good faith and fair dealing toward VH in

12 their agreements and understandings with VH and with each other.

13 ### TENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

14 ### UNJUST ENRICHMENT

15    89. VH repeats the allegations of ¶¶ 1-39, 42-60, 66, 71-78, 81-84, and 87 as if stated in

16 full here.

17    90. Defendants have obtained and unjustly retained VH's money.

18    91. Defendants are liable for unjust enrichment.

19 ### ELEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

20 ### INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

21    92. VH repeats the allegations of ¶¶ 1-39, 42-60, 66, 71-78, 81-84, and 87 as if stated in

22 full here.

23    93. VH had prospective business advantages in the development projects listed in ¶ 20 in

24 multiple ways, including that (a) the proposed houses could be rented or sold, (b) the terrace

25 would increase sales and the ambience at the clubhouse, and (c) the trees would enhance the

26 golf course and make it more attractive to professional and amateur golfers.

27    94. On information and belief, defendants knew about the prospective business

28 advantages listed above.

---

VERIFIED COMPLAINT AND PETITION
10

1  95. The wrongful conduct of defendants recited in this complaint have interfered with
2  VH's prospective business advantages.

3  96. On information and belief, defendants intended to interfere with VH's prospective
4  business advantages.

5  97. On information and belief, defendants knew that their wrongful acts described in this
6  complaint were substantially certain to result in interference with VH's prospective business
7  advantages.

8  98. VH's prospective business advantages were harmed by defendants' wrongful acts
9  recited in this complaint.

10  99. The harm to VH's prospective business advantages resulting from defendants'
11  wrongful acts recited in this complaint was foreseeable.

12  100. Defendants are liable to VH for intentional interference with prospective business
13  advantages.

14  **TWELFTH CAUSE OF ACTION AGAINST**

15  **CSA, COTTON, HGI, HELENSCHMIDT, GEOKINETICS, AND TOFANI**

16  **UNFAIR BUSINESS PRACTICES**

17  101. VH repeats the allegations of ¶¶ 1-39, 42-60, 66, 71-78, 81-84, 87, and 93-99 as if
18  stated in full here.

19  102. By the actions recited in this complaint, CSA, Cotton, HGI, Stanley Helenschmidt,
20  Geokinetics, and Tofani have engaged in unlawful, unfair, and fraudulent business practices.

21  103. This complaint seeks to enforce important rights affecting the public interest, the
22  necessity and financial burden of private enforcement of the rights raised in this complaint make
23  an award of attorney's fees appropriate, and attorney's fees should not in the interests of justice
24  be paid out of plaintiff's recovery.

25  **THIRTEENTH CAUSE OF ACTION AGAINST CITY OF RANCHO PALOS VERDES**

26  **MANDAMUS**

27  104. VH repeats the allegations of ¶¶ 1-39, 42-60, 66, 71-78, 81-84, 87, 93-99, and 103
28  as if stated in full here.

---

VERIFIED COMPLAINT AND PETITION
11

105. VH has no plain, speedy, and adequate remedy in the ordinary course of law.

106. The City is required by law to grant VH's permit applications.

Wherefore, plaintiff seeks the following relief:

a. Judgment requiring the City forthwith either to allow VH to develop its property with sixteen homes on the driving range, four other homes landward of the clubhouse, a terrace for the clubhouse, and ficus trees, or to condemn VH's property and pay just compensation for it;

b. Just compensation for the real property dedicated and given to the City, or return of the property plus damages for lost use of it;

c. Damages of at least $100,000,000 for temporary taking, lost use of property, lost profits, lost sales and rents, unnecessary expenses and fees, expenses in improving and maintaining areas given to the City, and other matters, plus interest;

d. Restitution of all funds paid to defendants;

e. Injunctive relief precluding William Cotton, CSA, HGI, Stanley Helenschmidt, Glenn Tofani, and Geokinetics from participation in any geologic or geotechnical review for the City;

f. Reasonable attorney's fees on the first, second, third, fifth, and (pursuant to Code of Civil Procedure § 1021.5) twelfth causes of action;

g. Reasonable costs;

h. Such other and further relief as may be just and proper.

Dated:  December 18, 2008

*Stuart Miller*

SCOTT W. WELLMAN
STUART MILLER
Attorneys for Plaintiff

## VERIFICATION

Vincent Stellio declares:

I am a Vice President of plaintiff VH Property Corp. and a Vice President of plaintiff VHPS LLC. I have read the foregoing complaint and petition and know its contents. The same are true of my own personal knowledge or from my consultation of business records kept by plaintiffs in the ordinary course of business, except for those matters alleged on information and belief, and I believe the matters alleged on information and belief to be true. I am verifying the complaint and petition because I am the person most knowledgeable about the facts recited in it.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Lyndhurst, New Jersey on December 18, 2008

VINCENT STELLIO

VERIFICATION

**CM-010**

FILED
LOS ANGELES SUPERIOR COURT

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Scott Wellman, SBN: 82897<br>Stuart Miller, SBN: 175849<br>Wellman & Warren, LLP<br>24411 Ridge Route Drive, Suite 200<br>Laguna Hills, CA 92653 | FOR COURT USE ONLY<br><br>DEC 18 2008<br><br>JOHN A. CLARKE, CLERK<br>BY MARY GARCIA, DEPUTY |

TELEPHONE NO.: (949)580-3737   FAX NO.: (949)580-3738
ATTORNEY FOR *(Name):* Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: VH, et. al. v. City of Rancho Palos Verdes, et. al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC404048 |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [X] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive

4. Number of causes of action *(specify):* 13

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 17, 2008

Scott Wellman, SBN: 82897
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

ORIGINAL

| SHORT TITLE: VH, et. al. v. City of Rancho Palos Verdes, et. al. | CASE NUMBER | BC404048 |
|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES   CLASS ACTION? [ ] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL 20 [ ] HOURS/ [X] DAYS

Item II.   Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (See Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100 | Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 | Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] A6070 | Asbestos Property Damage | 2. |
| | | [ ] A7221 | Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 | Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 | Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] A7240 | Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 | Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] A7230 | Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] A7270 | Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7220 | Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 3. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | [ ] A6029 | Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | [ ] A6005 | Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010 | Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013 | Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

LA-481

SHORT TITLE: VH, et. al. v. City of Rancho Palos Verdes, et. al.

CASE NUMBER

| A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons<br>- See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort (Cont'd.)** | | | |
| Professional Negligence (25) | ☐ | A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ | A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ | A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | | | |
| Wrongful Termination (36) | ☐ | A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ | A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ | A6109  Labor Commissioner Appeals | 10. |
| **Contract** | | | |
| Breach of Contract/Warranty (06) (not insurance) | ☐ | A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ | A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ | A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ | A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ | A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ | A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ | A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ | A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ | A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ | A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | | |
| Eminent Domain/Inverse Condemnation (14) | ☒ | A7300  Eminent Domain/Condemnation   Number of parcels 2 tracts | 2. |
| Wrongful Eviction (33) | ☐ | A6023   Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ | A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ | A6032  Quiet Title | 2. ,6. |
| | ☐ | A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | | | |
| Unlawful Detainer - Commercial (31) | ☐ | A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer - Residential (32) | ☐ | A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer - Drugs (38) | ☐ | A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | | | |
| Asset Forfeiture (05) | ☐ | A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ | A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: VH, et. al. v. City of Rancho Palos Verdes, et. al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Judicial Review (Cont'd.) | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ / Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement of Judgment<br>(20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: VH, et. al. v. City of Rancho Palos Verdes, et. al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| [ ]1. [X]2. [ ]3. [ ]4. [ ]5. [ ]6. [ ]7. [ ]8. [ ]9. [ ]10. | One Ocean Trails Drive |

| CITY: Rancho Palos Verdes | STATE: CA | ZIP CODE: 90275 | |
|---|---|---|---|

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Los Angeles Superior Court</u> courthouse in the <u>Central</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)):

Dated: <u>December 17, 2008</u>

(SIGNATURE OF ATTORNEY/FILING PARTY)
Scott Wellman for Plaintiffs

---

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

**PROOF OF SERVICE**

I, Debbie Nager Reid, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is Richards, Watson & Gershon, 355 South Grand Avenue, 40th Floor, Los Angeles, California 90071. On January 14, 2009, I served the within documents:

**NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT**
**(28 U.S.C. § 1441(b))**

☐   by causing facsimile transmission of the document(s) listed above from (213) 626-0078 to the person(s) and facsimile number(s) set forth below on this date before 5:00 P.M. This transmission was reported as complete and without error. A copy of the transmission report(s), which was properly issued by the transmitting facsimile machine, is attached. Service by facsimile has been made pursuant to a prior written agreement between the parties.

■   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice for collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing contained in this affidavit.

☐   by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a n agent for delivery, or deposited in a box or other facility regularly maintained by , in an envelope or package designated by the express service carrier, with delivery fees paid or provided for, addressed to the person(s) at the address(es) set forth below.

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 14, 2009.

_Debbie Nager Reid_
Debbie Nager Reid

1

<u>SERVICE LIST</u>

2

3   Scott W. Wellman, Esq.
    Stuart Miller, Esq.
4   Wellman & Warren LLP
    24411 Ridge Route, Suite 200
5   Laguna Hills, CA 92653
    Telephone: (949) 580-3737
6   Facsimile:  (949) 580-3738

7   Attorneys for Plaintiffs VH Property Corp.
    and VHPS LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV09- 298 MMM (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=======================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

COPY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| VH PROPERTY CORP and VHPS LLC | CITY OF RANCHO PALOS VERDES |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| WARREN & WELLMAN LLP<br>24411 Ridge Route, Suite 200<br>Laguna Hills, CA 92653    Tel: (949) 580-3737  Fax: (949) 580-3738 | RICHARDS, WATSON & GERSHON<br>355 S. Grand Avenue, 40th Floor<br>Los Angeles, CA 90071-3101<br>Telephone: (213) 626-8484    Fax: (213) 626-0078 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES -** For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ MONEY DEMANDED IN COMPLAINT: $ 100,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☒ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

# CV09-00298

| FOR OFFICE USE ONLY: | Case Number: |
|---|---|

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| COUNTY OF LOS ANGELES | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| COUNTY OF LOS ANGELES | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
　　**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| COUNTY OF LOS ANGELES | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date  January 14, 2008

**Notice to Counsel/Parties:**   The CV-71 (JS-44)  Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |