1  CAROL W. LYNCH (State Bar No. 102149)
   City Attorney
2  City of Rancho Palos Verdes

3  MITCHELL E. ABBOTT (State Bar No. 64990)
   VERONICA S. GUNDERSON (State Bar No. 252128)
4  RICHARDS, WATSON & GERSHON
     A Professional Corporation
5  355 South Grand Avenue, 40th Floor
   Los Angeles, California 90071-3101
6  Telephone: (213) 626-8484
   Facsimile: (213) 626-0078
7  mabbott@rwglaw.com
   vgunderson@rwglaw.com
8
9  Attorneys for Defendant and Counter claimant,
   *City of Rancho Palos Verdes*



FILED
CLERK, U.S. DISTRICT COURT

FEB 1 1 2009
12:10

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

10
11              **UNITED STATES DISTRICT COURT**

12     **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

13
14  VH PROPERTY CORP. and VHPS LLC,     Case No. CV 2-09-00298-MMM
                                        (PJWx)
15              Plaintiffs,
                                        **ANSWER TO COMPLAINT**
16         v.                           **AND PETITION; AND**
                                        **COUNTERCLAIMS**
17  CITY OF RANCHO PALOS VERDES;
    COTTON, SHIRES AND ASSOCIATES,
18  INC.; WILLIAM COTTON;               [Hon. Margaret M. Morrow,
    HELENSCHMIDT GEOTECHNICAL,          United States District Judge]
19  INC.; STANLEY HELENSCHMIDT;
    GEOKINETICS INC. a/k/a APPLIED
20  GEOKINETICS; GLENN TOFANI; and      Filed:            Dec.18, 2008
    DOES 1-100, inclusive,              (L.A. Superior Court No.
21                                      BC404048)
                Defendants.
22                                      Removal Filed:    January 14, 2009
23  ─────────────────────────────
    CITY OF RANCHO PALOS VERDES,
24
                Counter claimant,
25
           v.
26
    VH PROPERTY CORP. and VHPS LLC,
27
                Counter defendants.
28  ─────────────────────────────

─────────────────────────────────────────
Answer to Verified  Complaint and Petition and Counterclaims

R6876\1099\1114823.3

1    Defendant, City of Rancho Palos Verdes, for itself and for no other

2    defendant, answers the Verified Complaint and Petition, filed in the Los Angeles

3    Superior Court on December 18, 2008, and thereafter removed to this Court on

4    January 14, 2009, pursuant to 28 U.S.C. § 1441(b), by admitting, denying, and

5    alleging as follows:

6                                 **PARTIES**

7         1.    Defendant has insufficient information or belief on the subject to

8    enable it to admit or deny the allegations contained in paragraph 1 of the Verified

9    Complaint and Petition and, basing its denial upon that ground, defendant denies

10   the allegations contained in paragraph 1.

11        2.    Defendant has insufficient information or belief on the subject to

12   enable it to admit or deny the allegations contained in paragraph 2 of the Verified

13   Complaint and Petition and, basing its denial upon that ground, defendant denies

14   the allegations contained in paragraph 2.

15        3.    Defendant admits and alleges that the City of Ranch Palos Verdes

16   (hereinafter referred to as the "City") is a municipal corporation, duly incorporated

17   and existing under and pursuant to the Constitution and general laws of the State

18   of California, and situated in the County of Los Angeles.  Defendant further

19   admits and alleges that it is subject to the in personam jurisdiction of the United

20   States District Court for the Central District of California.  Except as specifically

21   admitted, defendant denies the remaining allegations contained in paragraph 3.

22        4.    Defendant admits and alleges that, prior to the time plaintiffs

23   purchased the property which is the subject of this complaint, the City retained

24   Cotton Shires, and Associates ("CSA") as a consulting and geotechnical firm for

25   review of development submissions, including development submissions by VH,

26   pertaining to the subject property after a landslide on the subject property moved

27   and thereby caused approximately eleven acres of property to be displaced.

28   Defendant further admits and alleges that CSA has reviewed and commented upon

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

said geologic and geotechnical submissions to the City in connection with development of the subject property.  Defendant has insufficient information or belief on the subject to enable it to admit or deny the remaining allegations contained in paragraph 4 of the Complaint and Petition and, basing its denial upon that ground, defendant denies the remaining allegations contained in paragraph 4.

5.    Defendant admits and alleges that William Cotton is a geologist, a geologic consultant to the City, and is employed by CSA. Except as specifically admitted and alleged, defendant has insufficient information or belief on the subject to enable it to admit or deny the remaining allegations contained in paragraph 5 of the Complaint and Petition and, basing its denial upon that ground, defendant denies the remaining allegations contained in paragraph 5.

6.    Defendant admits and alleges that HELENSCHMIDT Geotechincal Inc. ("HGI") has reviewed and commented upon Plaintiffs VH Property, Corp. and VHPS LLC's (collectively "VH") geologic and geotechnical submissions to the City as a subcontractor to CSA in connection with development of the subject property.  Defendant has insufficient information or belief on the subject to enable it to admit or deny the remaining allegations contained in paragraph 6 of the Complaint and Petition and, basing its denial upon that ground, defendant denies the remaining allegations contained in paragraph 6.

7.    Defendant admits and alleges that Stanley Helenschmidt is a Geotechnical engineer, and is employed by HGI. Except as specifically admitted and alleged, defendant has insufficient information or belief on the subject to enable it to admit or deny the remaining allegations contained in paragraph 7 of the Complaint and Petition and, basing its denial upon that ground, defendant denies the remaining allegations contained in paragraph 7.

8.    Defendant admits and alleges that the City retained Geokinetics, Inc., also known as Applied Geokinetics, as a consulting and geotechnical firm for review of VH's development submissions. Defendant further admits and alleges

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

1    that Geokinetics, Inc. has reviewed and commented upon VH's geologic and
2    geotechnical submissions to the City in connection with development of the
3    subject property.  Defendant has insufficient information or belief on the subject to
4    enable it to admit or deny the remaining allegations contained in paragraph 8 of
5    the Complaint and Petition and, basing its denial upon that ground, defendant
6    denies the remaining allegations contained in paragraph 8.

7         9.    Defendant admits the allegations contained in paragraph 9 of the
8    Complaint and Petition and further alleges that Glenn Tofani provides
9    geotechnical consulting services to the City on other geotechnical matters, in
10   addition to the proposals by VH for development of the subject property.

11        10.    Defendant has insufficient information or belief on the subject to
12   enable it to admit or deny the allegations contained in paragraph 10 of the
13   Complaint and Petition and, basing its denial upon that ground, defendant denies
14   the allegations contained in paragraph 10.

15        11.    Defendant denies the allegations contained in paragraph 11 of the
16   Complaint and Petition.

17        12.    Defendant has insufficient information or belief on the subject to
18   enable them to admit or deny the allegations contained in paragraph 12 of the
19   Complaint and Petition and, basing its denial upon that ground, defendant denies
20   the allegations contained in paragraph 12

21        13.    Defendant has insufficient information or belief on the subject to
22   enable it to admit or deny the allegations contained in paragraph 13 of the
23   Complaint and Petition and, basing its denial upon that ground, defendant denies
24   the allegations contained in paragraph 13.

25        14.    Defendant denies the allegations contained in paragraph 14.

26        15.    Defendant has insufficient information or belief on the subject to
27   enable it to admit or deny the allegations contained in paragraph 15 of the
28   Complaint and Petition and, basing its denial upon that ground, defendant denies

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

the allegations contained in paragraph 15.

16.    Defendant denies the allegations contained in paragraph 16 of the Complaint and Petition and specifically denies that plaintiffs have suffered damages in the amount of $100,000,000, or in any amount whatsoever or at all.

17.    Defendant admits and alleges that no claim has been filed with the City pursuant to Government Code Section 945.4 or otherwise.  Except as specifically admitted, defendant denies the remaining allegations contained in paragraph 17.

## FIRST CAUSE OF ACTION

### (Inverse Condemnation – Regulatory Taking)

18.    Defendant repeats its answers to paragraphs 1 through 17, inclusive, and incorporates them herein by this reference as though set forth again in full.

19.    Defendant has insufficient information or belief on the subject to enable it to admit or deny the allegations contained in paragraph 19 of the Complaint and Petition and, basing its denial upon that ground, defendant denies the allegations contained in paragraph 19.

20.    Defendant admits and alleges that VH has submitted certain permit applications to the City regarding the ficus trees and the Clubhouse Terrace referenced in paragraph 20 (c) and (d) of the Complaint and Petition.  Defendant further admits and alleges that VH has not submitted complete permit applications to the City regarding the homes referenced in paragraph 20(a) and (b) of the Complaint and Petition.  Except as specifically admitted, defendant denies the remaining allegations contained in paragraph 20.

21.    Defendant admits the allegations contained in paragraph 21 of the Complaint and Petition.

22.    Defendant admits and alleges that VH has submitted certain permit applications to the City regarding the ficus trees and the Clubhouse Terrace referenced in paragraph 20 (c) and (d) of the Complaint and Petition.  Defendant

1   further admits and alleges that VH has not submitted complete permit applications
2   to the City regarding the homes referenced in paragraph 20(a) and (b) of the
3   Complaint and Petition.  Except as specifically admitted, defendant denies the
4   remaining allegations contained in paragraph 22 of the Complaint and Petition.

5        23.  Defendant admits and alleges that the City approved VH's application
6   for a permit to construct a Clubhouse Terrace on the subject property, as
7   referenced in paragraph 20 (c) of the Complaint and Petition, and further admits
8   and alleges that it denied the application for a permit to maintaining certain ficus
9   trees on the subject property, as referenced in paragraph 20(d) of the Complaint
10  and Petition.  Except as specifically admitted, defendant denies the remaining
11  allegations contained in paragraph 23 of the Complaint and Petition.

12       24.  Defendant denies the allegations contained in paragraph 24 of the
13  Complaint and Petition.

14       25.  Defendant admits and alleges that on or before December 23, 2008, the
15  City approved the geological and geotechnical report submitted by VH in
16  connection with its proposal to develop the subject property.  Except as
17  specifically admitted, defendant has insufficient information or belief on the
18  subject to enable it  to admit or deny the remaining allegations contained in
19  paragraph 25 of the Complaint and Petition and, basing its denial upon that
20  ground, defendant denies the remaining allegations contained in paragraph 25.

21       26.    Defendant denies the allegations contained in paragraph 26 of the
22  Complaint and Petition.

23       27.    Defendant denies the allegations contained in paragraph 27 of the
24  Complaint and Petition.

25       28.    Defendant denies the allegations contained in paragraph 28 of the
26  Complaint and Petition.

27       29.    Defendant denies the allegations contained in paragraph 29 of the
28  Complaint and Petition.

1    30.    Defendant denies the allegations contained in paragraph 30 of the
2  Complaint and Petition.

3    31.    Defendant denies the allegations contained in paragraph 31 of the
4  Complaint and Petition.

5    32.    Defendant denies the allegations contained in paragraph 32 of the
6  Complaint and Petition.

7    33.    Defendant denies the allegations contained in paragraph 33 of the
8  Complaint and Petition.

9    34.    Defendant admits the allegations contained in paragraph 34 of the
10  Complaint and Petition.

11    35.    Defendant admits and alleges that the application for a permit to
12  develop the Terranea Hotel has been approved subject to numerous conditions of
13  approval.  Defendant further admits and alleges that the applications for permits
14  and conditions of approval required may vary substantially from project to project
15  and from property to property, depending upon the unique characteristics of each
16  project and parcel.  Except as specifically admitted, defendant denies the
17  remaining allegations contained in paragraph 35 of the Complaint and Petition.

18    36.    Defendant admits and alleges that all parcels of property situated
19  within the city limits of the City of Rancho Palos Verdes that are within residential
20  zones are subject to height restrictions and view preservation conditions.  Except
21  as specifically admitted, defendant denies the remaining allegations contained in
22  paragraph 36 of the Complaint and Petition.

23    37.    Defendant admits and alleges that all parcels of property situated
24  within the city limits of the City of Rancho Palos Verdes that are within residential
25  zones are subject to height restrictions and view preservation conditions.  Except
26  as specifically admitted, defendant denies the remaining allegations contained in
27  paragraph 37 of the Complaint and Petition.

28    38.    Defendant denies the allegations contained in paragraph 38 of the

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW -A PROFESSIONAL CORPORATION

1   Complaint and Petition.

2       39.    Defendant denies the allegations contained in paragraph 39 of the

3   Complaint and Petition.

4       40.    Defendant denies the allegations contained in paragraph 40 of the

5   Complaint and Petition.

6                        **SECOND CAUSE OF ACTION**

7        **(Taking of Property for Public Use Without Just Compensation)**

8       41.    Defendant repeats its answers to paragraphs 1 through 16, inclusive,

9   and paragraphs 18 through 39, inclusive, and incorporates them herein by this

10  reference as though set forth again in full.

11      42.    Defendant admits the allegations contained in paragraph 42 of the

12  Complaint and Petition.

13      43.    Defendant denies the allegations contained in paragraph 43 of the

14  Complaint and Petition.

15      44.    Defendant denies the allegations contained in paragraph 44 of the

16  Complaint and Petition.

17

18                       **THIRD CAUSE OF ACTION**

19        **(Violation of Due Process – Federal Constitution)**

20      45.    Defendant repeats its answers to paragraphs 1 through 16, inclusive,

21  paragraphs 18 through 29, inclusive, and paragraphs 42 through 43, inclusive, and

22  incorporates them herein by this reference as though set forth again in full.

23      46.    Defendant admits and alleges that CSA, William Cotton, HGI, and

24  Stanley Helenschmidt have conducted geotechnical reviews concerning VH's

25  proposal to develop the subject property, as well as certain other projects within

26  the City.  Except as specifically admitted, defendant denies the remaining

27  allegations contained in paragraph 46 of the Complaint and Petition.

28      47.    Defendant admits the allegations contained in paragraph 47 of the

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW - A PROFESSIONAL CORPORATION

1    Complaint and Petition.

2         48.    Defendant admits the allegations contained in paragraph 48 of the

3    Complaint and Petition.

4         49.    Defendant has insufficient information or belief on the subject to

5    enable it to admit or deny the allegations contained in paragraph 49 of the

6    Complaint and Petition and, basing its denial upon that ground, defendant denies

7    the allegations contained in paragraph 49.

8         50.    Defendant admits the allegations contained in paragraph 50 of the

9    Complaint and Petition.

10        51.    Defendant has insufficient information or belief on the subject to

11   enable it to admit or deny the allegations contained in paragraph 51 of the

12   Complaint and Petition and, basing its denial upon that ground, defendant denies

13   the allegations contained in paragraph 51.

14        52.    Defendant has insufficient information or belief on the subject to

15   enable it to admit or deny the allegations contained in paragraph 52 of the

16   Complaint and Petition and, basing its denial upon that ground, defendant denies

17   the allegations contained in paragraph 52.

18        53.    Defendant denies the allegations contained in paragraph 53 of the

19   Complaint and Petition.

20        54.    Defendant denies the allegations contained in paragraph 54 of the

21   Complaint and Petition.

22        55.  Defendant denies the allegations contained in paragraph 55 of the

23   Complaint and Petition.

24        56.    Defendant denies the allegations contained in paragraph 56 of the

25   Complaint and Petition.

26        57.    Defendant admits and alleges that CSA, William Cotton, HGI, and

27   Stanley Helenschmidt have performed consulting geological and geotechnical

28   services in connection with VH's proposal to develop the subject property, and

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION



1  further admits and alleges that VH has paid for some or all of the charges for those

2  services.  Except as specifically admitted, defendant denies the remaining

3  allegations contained in paragraph 57 of the Complaint and Petition.

4      58.    Defendant admits and alleges that Glenn Tofani testified as one of the

5  City's principal experts in *Monks v. City of Rancho Palos Verdes*, Los Angeles

6  Superior Court No. YS010425.  Except as specifically admitted, defendant denies

7  the remaining allegations contained in paragraph 58 of the Complaint and Petition.

8      59.    Defendant denies the allegations contained in paragraph 59 of the

9  Complaint and Petition.

10      60.    Defendant admits the allegations contained in paragraph 60 of the

11  Complaint and Petition, and further alleges that in its processing and review of

12  VH's development applications, it has complied fully with all requirements of the

13  Due Process Clause of the Fourteenth Amendment to the United States

14  Constitution.

15      61.    Defendant denies the allegations contained in paragraph 61 of the

16  Complaint and Petition.

17

18  **FOURTH CAUSE OF ACTION**

19  **(Violation of Due Process – California Constitution)**

20      62.    Defendant  repeats its answers to paragraphs 1 through 39, inclusive,

21  and paragraphs 42 through 60, inclusive, and incorporates them herein by this

22  reference as though set forth again in full.

23      63.    Defendant admits the allegations contained in paragraph 63 of the

24  Complaint and Petition, and further alleges that in its processing and review of

25  VH's development applications, it has complied fully with all requirements of the

26  Due Process Clause of the California Constitution.

27      64.    Defendant denies the allegations contained in paragraph 64 of the

28  Complaint and Petition.

*RICHARDS | WATSON | GERSHON*
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

## FIFTH CAUSE OF ACTION

### (Violation of Equal Protection – Federal Constitution)

65.     Defendant repeats its answers to paragraphs 1 through 39, inclusive, and paragraphs 42 through 60, inclusive, and incorporates them herein by this reference  as though set forth again in full.

66.     Defendant denies the allegations contained in paragraph 66 of the Complaint and Petition.

67.     Defendant denies the allegations contained in paragraph 67 of the Complaint and Petition.

## SIXTH CAUSE OF ACTION

### (Violation of Equal Protection – California Constitution)

68.     Defendant repeats its answers to paragraphs 1 through 39, inclusive, paragraphs 42 through 60, inclusive, and paragraph 66, and incorporates them herein by this reference as though set forth again in full.

69.     Defendant denies the allegations contained in paragraph 69 of the Complaint and Petition.

## SEVENTH CAUSE OF ACTION

### (Fraud)

70.     Defendant repeats its answers to paragraphs 1 through 39, inclusive, paragraphs 42 through 50, inclusive, and paragraph 66, and incorporates them herein by this reference as though set forth again in full.

71.     Defendant admits the allegations contained in paragraph 71 of the Complaint and Petition, and further alleges that VH's development applications were in fact evaluated fairly by the City and in full compliance with all applicable laws.

72.     Defendant has insufficient information or belief on the subject to

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

1    enable it to admit or deny the allegations contained in paragraph 72 of the

2    Complaint and Petition and, basing its denial upon that ground, defendant denies

3    the allegations contained in paragraph 72.

4          73.    Defendant admits and alleges that VH expended substantial sums of

5    money on the applications and on the studies and reviews required for the

6    applications.  Except as specifically admitted, defendant has insufficient

7    information or belief on the subject to enable it to admit or deny the remaining

8    allegations contained in paragraph 73 of the Complaint and Petition and, basing its

9    denial upon that ground, defendant denies the remaining allegations contained in

10   paragraph 73.

11         74.    Defendant denies the allegations contained in paragraph 74 of the

12   Complaint and Petition.

13         75.    Defendant denies the allegations contained in paragraph 75 of the

14   Complaint and Petition.

15         76.    Defendant admits and alleges that all of VH's applications were fairly

16   evaluated by the City, and in compliance with all applicable laws.  Except as

17   specifically admitted, defendant denies the remaining allegations contained in

18   paragraph 76 of the Complaint and Petition.

19         77.    Defendant denies the allegations contained in paragraph 77 of the

20   Complaint and Petition.

21         78.    Defendant denies the allegations contained in paragraph 78 of the

22   Complaint and Petition and specifically denies that VH has been damaged in any

23   amount whatsoever, or at all.

24         79.    Defendant denies the allegations contained in paragraph 79 of the

25   Complaint and Petition.

26

27

28

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION



## EIGHTH CAUSE OF ACTION

### (Breach of Contract – Third Party Beneficiary)

80. Defendant repeats its answers to paragraphs 1 through 39, inclusive, paragraphs 42 through 60, inclusive, paragraph 66, and paragraphs 71 through 78, inclusive, and incorporates them herein by this reference as though set forth again in full.

81. Defendant admits the allegations contained in paragraph 81 of the Complaint and Petition.

82. Defendant admits and alleges that on or about September 2, 2003, the City and VH entered into a written agreement entitled "Agreement between the City of Rancho Palos Verdes and V.H. Properties, Corporation" whereby the parties agreed to leave review of all geotechnical and geologic conditions affecting Tentative Tract Map No. 50666 to a panel of three impartial geological/geotechnical experts. A true and correct copy of that agreement is attached hereto as Exhibit "A" and hereby incorporated by this reference as though set forth fully herein. Defendant further admits and alleges that on or about July 14, 2004, the City and Plaintiffs entered into a written agreement entitled "Second Agreement between the City of Rancho Palos Verdes and V.H. Properties, Corporation Regarding Geologic Issues." A true and correct copy of that agreement is attached hereto as Exhibit "B" and hereby incorporated by this reference as though set forth fully herein. Except as specifically admitted, defendant denies the remaining allegations of paragraph 82 of the Complaint and Petition, and specifically denies that VH was or is a "third-party beneficiary" to the contracts described herein.

83. Defendant denies the allegations contained in paragraph 83 of the Complaint and Petition.

84. Defendant denies the allegations contained in paragraph 84 of the Complaint and Petition.

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

85.     Defendant denies the allegations contained in paragraph 85 of the Complaint and Petition.

## NINTH CAUSE OF ACTION

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

86.     Defendant repeats its answers to paragraphs 1 through 39, inclusive, paragraphs 42 through 60, inclusive, paragraph 66, paragraphs 71 through 78, inclusive, and paragraphs 81 through 84, inclusive, and incorporates them herein by this reference as though set forth again in full.

87.     This answering defendant admits and alleges that it has evaluated and reviewed VH's development applications fairly and in good faith, and in full compliance with all applicable laws.  Except as specifically admitted, defendant has insufficient information or belief on the subject to enable it to admit or deny the remaining allegations contained in paragraph 87 of the Complaint and Petition and, basing its denial upon that ground, defendant denies the remaining allegations contained in paragraph 87.

88.     Defendant denies the allegations contained in paragraph 88 of the Complaint and Petition.

## TENTH CAUSE OF ACTION

### (Unjust Enrichment)

89.     Defendant repeats its answers to paragraphs 1 through 39, inclusive, paragraphs 42 through 60, inclusive, paragraph 66, paragraphs 71 through 78, inclusive, and paragraphs 81 through 84, inclusive, and paragraph 87, and incorporates them herein by this reference as though set forth again in full.

90.     Defendant denies the allegations contained in paragraph 90 of the Complaint and Petition.

91.     Defendant denies the allegations contained in paragraph 91 of the

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

Complaint and Petition and specifically denies that it is liable to plaintiffs in any amount whatsoever or at all.

## ELEVENTH CAUSE OF ACTION

### (Intentional Interference with Prospective Economic Advantage)

92. Defendant repeats its answers to paragraphs 1 through 39, inclusive, paragraphs 42 through 60, inclusive, paragraph 66, paragraphs 71 through 78, inclusive, and paragraphs 81 through 84, inclusive, and paragraph 87, and incorporates them herein by this reference as though set forth again in full.

93. Defendant denies the allegations contained in paragraph 93 of the Complaint and Petition.

94. Defendant denies the allegations contained in paragraph 94 of the Complaint and Petition.

95. Defendant denies the allegations contained in paragraph 95 of the Complaint and Petition.

96. Defendant denies the allegations contained in paragraph 96 of the Complaint and Petition.

97. Defendant denies the allegations contained in paragraph 97 of the Complaint and Petition.

98. Defendant denies the allegations contained in paragraph 98 of the Complaint and Petition and specifically denies that plaintiffs have been damaged in any amount whatsoever or at all.

99. Defendant denies the allegations contained in paragraph 99 of the Complaint and Petition.

100. Defendant denies the allegations contained in paragraph 100 of the Complaint and Petition and specifically denies that plaintiffs have been damaged in any amount whatsoever or at all.

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

## TWELFTH CAUSE OF ACTION

### (Unfair Business Practices)

101.   Defendant repeats its answers to paragraphs 1 through 39, inclusive, paragraphs 42 through 60, inclusive, paragraph 66, paragraphs 71 through 78, inclusive, paragraphs 81 through 84, inclusive, paragraph 87, and paragraphs 93 through 99, inclusive, and incorporates them herein by this reference as though set forth again in full.

102.   Defendant denies the allegations contained in paragraph 102 of the Complaint and Petition.

103.   Defendant denies the allegations contained in paragraph 103 of the Complaint and Petition.

## THIRTEENTH CAUSE OF ACTION

### (Petition for Writ of Mandate)

104.   Defendant repeats its answers to paragraphs 1 through 39, inclusive, paragraphs 42 through 60, inclusive, paragraph 66, paragraphs 71 through 78, inclusive, paragraphs 81 through 84, inclusive, paragraph 87, and paragraphs 93 through 99, inclusive, and incorporates them herein by this reference as though set forth again in full.

105.   Defendant denies the allegations contained in paragraph 105 of the Complaint and Petition.

106.   Defendant denies the allegations contained in paragraph 106 of the Complaint and Petition.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim on Which Relief Can Be Granted)

107.   As and for a separate and independent affirmative defense, defendant alleges that the Complaint and Petition, and each and every purported cause of

1   action contained therein, fails to state a claim upon which relief can be granted.

2

3   ## SECOND AFFIRMATIVE DEFENSE

4   ### (Failure to Exhaust Administrative Remedies)

5   108.   As and for a further, separate, and independent affirmative defense,

6   defendant alleges that plaintiffs have failed to avail themselves of, and to exhaust,

7   administrative remedies available to them under the provisions of the Rancho

8   Palos Verdes Municipal Code, and this court is therefore without jurisdiction to

9   hear this case by reason of the judicial doctrine of exhaustion of administrative

10   remedies.

11

12   ## THIRD AFFIRMATIVE DEFENSE

13   ### (No Custom or Policy of Violating Civil Rights)

14   109.   As and for a further, separate, and independent affirmative defense,

15   defendant alleges that the actions complained of were not the result or

16   manifestation of any custom or policy of the City of Rancho Palos Verdes and

17   therefore cannot establish plaintiffs' entitlement to relief under the Civil Rights

18   Act of 1871, 42 U.S.C. § 1983.

19

20   ## FOURTH AFFIRMATIVE DEFENSE

21   ### (Good Faith Immunity)

22   110.   As and for a further, separate, and independent affirmative defense,

23   defendant alleges that at all times herein mentioned the City and its agents acted in

24   good faith, without malice, and within the scope of their respective duties as

25   public employees of the City of Rancho Palos Verdes and the City and its agents

26   are therefore immune from liability for any claim under the Civil Rights Act of

27   1871, 42 U.S.C. §1983.

28

R6876\1099\1114823.3

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

## FIFTH AFFIRMATIVE DEFENSE

### (Privilege - Civil Code § 47)

111.   As and for a further, separate, and independent affirmative defense, defendant alleges that all actions alleged in the Complaint and Petition to have been taken by or on behalf of the City were and are absolutely or conditionally privileged pursuant to California Civil Code Section 47, and cannot form the basis of a claim for relief against the City under the laws of the State of California.

## SIXTH AFFIRMATIVE DEFENSE

### (State Law Immunities - Government Code § 818.4 )

112.   As and for a further, separate, and independent affirmative defense, defendant alleges that the City of Rancho Palos Verdes is not liable under any state law claim for any injury or damages allegedly caused by the failure or refusal to issue a permit, pursuant to Government Code Section 818.4.

## SEVENTH AFFIRMATIVE DEFENSE

### (Ripeness)

113.   As and for a further, separate, and independent affirmative defense, defendant alleges that plaintiffs have failed and refused to apply for  permits or other entitlements to construct homes on the site of the present driving range on the subject property in accordance with the provisions of the Rancho Palos Verdes Municipal Code, and the claims set forth in plaintiffs' complaint with respect to that proposed development are therefore not ripe for judicial determination.

## EIGHTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

114.   As and for a further, separate, and independent affirmative defense, defendant is informed and believes and thereupon alleges that the acts and

administrative decisions complained of in the Complaint and Petition occurred more than one year prior to the filing of the complaint and plaintiffs' claims are barred by reason of plaintiffs' failure to commence this proceeding within the period of limitations specified in Government Code sections 66499.37, 65009, Code of Civil Procedure sections 338, 339, 340, 342, 343, and 1094.6(b) and other applicable statutes.

## NINTH AFFIRMATIVE DEFENSE

### (Absolute Privilege – *Noerr-Pennington* Doctrine)

115.   As and for a further, separate, and independent affirmative defense, defendant is informed and believes and thereupon alleges that the statements and actions alleged in the Complaint and Petition were all absolutely privileged under the First Amendment to the United States Constitution and that all such claims are therefore barred by the *Noerr-Pennington* doctrine.

## TENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

116.   As and for a further, separate and independent affirmative defense, respondent alleges that plaintiffs have at all times had an adequate remedy at law, namely, the filing of applications for entitlements to develop the subject property and, if said applications are denied, a petition for writ of mandate in the Superior Court pursuant to the provisions of the California Government Code, and accordingly, plaintiffs are not entitled to a peremptory writ of mandate under the provisions of Code of Civil Procedure Sections 1085 and 1094.5.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Regulatory Taking of Property)

117.   As and for a further, separate, and independent affirmative defense,

defendant alleges that plaintiffs are presently making productive economic use of the subject property and plaintiffs therefore have suffered no regulatory taking of their property as a result of any actions taken by the City, that plaintiffs have not been deprived of all economically beneficial or productive use of their property, and that accordingly, the City is not liable to plaintiffs on a theory of inverse condemnation or regulatory taking.

**WHEREFORE**, defendant, City of Rancho Palos Verdes, prays judgment as set forth below.

## COUNTERCLAIMS

Defendant and Counter-claimant, City of Rancho Palos Verdes, alleges as follows:

118.   Plaintiffs' lawsuit was originally filed in the Los Angeles Superior Court (Docket No. BC404048), on December 18, 2008.  On January 14, 2009, the City removed the case to this Court pursuant to 28 U.S.C. §1441(b).

## DEFENDANT RANCHO PALOS VERDES' FIRST COUNTERCLAIM
### (Breach of Contract Against All Plaintiffs)

119.   On or about September 2, 2003, the City and Plaintiffs entered into a written agreement entitled "AGREEMENT BETWEEN THE CITY OF RANCHO PALOS VERDES AND V.H. PROPERTIES, CORPORATION" whereby the parties agreed to leave review of all geotechnical and geologic conditions effecting Tentative Tract Map No. 50666 to a panel of three impartial geological/geotechnical experts.  A true and correct copy of that agreement is attached hereto as Exhibit "A" and hereby incorporated by this reference as though set forth fully herein.

120.   Plaintiffs are the owners of certain real property encompassed within

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

1   Tentative Tract Map No. 50666, which is the subject of the September 2, 2003

2   Agreement. The subject property is generally located at 1 Ocean Trials Drive,

3   Rancho Palos Verdes, California.

4        121.   The subject property encompasses three landslide areas. The public

5   safety, health, and welfare require that the geological and geotechnical conditions

6   of the subject property be thoroughly analyzed and addressed before construction

7   may safely proceed.

8        122.   Section 8 of the September 2, 2003 Agreement expressly states that

9   Plaintiffs and the City "agree that any decisions and recommendations rendered by

10  the Panel shall be binding on both City and Developer, including, but not limited

11  to: (i) any decisions supporting, or disagreeing with, the recommendations or

12  conclusions of one Party's experts; and (ii) any conclusions or recommendations

13  arrived at independently by the Panel, including any recommendations regarding

14  additional studies, borings, or analysis to be performed or improvements to be

15  constructed."

16       123.   Section 8 of the September 2, 2003 Agreement also expressly states

17  that the "Agreement shall inure to the benefit of and bind the Parties to this

18  Agreement and each of their respective heirs, assigns and successors in interest."

19       124.   Pursuant to Section 9 of the September 2, 2003 Agreement, the City

20  and Plaintiffs covenanted and agreed "not to sue the Panel or any of its individual

21  members for any advice, opinions, conclusions, or recommendations the Panel

22  makes with respect to the geological and geotechnical conditions underlying the

23  Property and the stability of the proposed residential sites."

24       125.   The City has fully performed its obligations, and adhered to the terms

25  of the written agreement.

26       126.   Plaintiffs breached the terms of the September 2, 2003 written

27  agreement by filing Los Angeles Superior Court Case No. BC 404048, now

28  Untied States District Court Case No. CV 2-09-00298, which challenges the

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

advice, opinions, conclusions, or recommendations the Panel made with respect to the geological and geotechnical conditions underlying the subject property and the stability of the proposed residential sites.

127.   Plaintiffs' failure to abide by the terms of the September 2, 2003 written agreement has caused the City to incur attorneys' fees and costs to defend against the present lawsuit.

## DEFENDANT RANCHO PALOS VERDES' SECOND COUNTERCLAIM
### (Breach of Contract as to All Plaintiffs)

128.   The City repeats the allegations contained in paragraphs 5 through 13 of this Counterclaim and incorporates them herein by this reference as though set forth again in full.

129.   On or about July 14, 2004, the City and Plaintiffs entered into a written agreement entitled "SECOND AGREEMENT BETWEEN THE CITY OF RANCHO PALOS VERDES AND V.H. PROPERTIES, CORPORATION REGARDING GEOLOGIC ISSUES."  A true and correct copy of that agreement is attached hereto as Exhibit "B" and incorporated herein by this reference as though set forth in full again.

130.   Plaintiffs are the owners of certain real property encompassed within Tentative Tract Map No. 50666, which is the subject of the July 14, 2004, Agreement.  The subject property is generally located at 1 Ocean Trials Drive, Rancho Palos Verdes, California.

131.   The subject property encompasses three landslide areas.  The public safety, health, and welfare require that the geological and geotechnical conditions of the subject property be thoroughly analyzed and addressed before construction may safely proceed.

132.   The City and Plaintiffs entered into the July 14, 2004 Agreement so that the panel of experts could resolve additional disputes between the City's

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

geological and geotechnical experts and the experts performing work on behalf of Plaintiffs.

133. Pursuant to Section 7 of the July 14, 2004 Agreement, the City and Plaintiffs covenanted and agreed "not to sue the Panel or any of its individual members for any advice, opinions, conclusions, or recommendations the Panel makes with respect to the geological and geotechnical conditions underlying the Property and the stability of the Property for development."

134. Section 8A of the July 14, 2004 Agreement expressly states that Plaintiffs and the City agree that any decisions rendered by the Panel regarding geologic or geotechnical issues "shall be binding on both City and Developer, including, but not limited to: (i) any decisions supporting, or disagreeing with, the recommendations or conclusions of one Party's experts; and (ii) any conclusions or recommendations arrived at independently by the Panel, including any recommendations regarding additional studies, borings, or analysis to be performed or improvements to be constructed, in response to the Scope of Work or other scope of work or written instructions prepared jointly by the Parties."

135. Section 8B of the July 14, 2004 Agreement also expressly states that the "Agreement shall inure to the benefit of and bind the Parties to this Agreement and each of their respective heirs, assigns and successors in interest."

136. The City has fully performed its obligations, and adhered to the terms of the written agreement.

137. Plaintiffs breached the terms of the July 14, 2004 written agreement by filing Los Angeles Superior Court Case No. BC 404048, now United States District Court Case No. CV 2-09-00298, which challenges the advice, opinions, conclusions, or recommendations the Panel made with respect to the geological and geotechnical conditions underlying the Property and the stability of the Property for development.

138. Plaintiffs' failure to abide by the terms of the July 14, 2004 written

1  agreement has caused the City to incur attorneys' fees and costs to defend against

2  the instant action.

3      **WHEREFORE**, Defendant prays judgment as follows:

4      1.    That plaintiffs, VH Property Corp. and VHPS LLC, take nothing by

5  their complaint and that judgment be entered in favor of defendant, City of Rancho

6  Palos Verdes;

7      2.    That defendant have and recover from plaintiffs its costs of suit

8  herein, including reasonable attorney's fees to the extent allowed by law or

9  contract;

10     3.    That Plaintiffs, VH Property Corp. and VHPS LLC, and each of them,

11 be held in breach of the written agreement between the parties entered into on or

12 about September 2, 2003;

13     4.    That Plaintiffs, VH Property Corp. and VHPS LLC, and each of them,

14 be held in breach of the written agreement between the parties entered into on or

15 about July 14, 2004;

16     5.    That the City recover from Plaintiffs its costs of suit herein, including

17 attorney's fees pursuant to the two written agreements; and

18     6.    That the Court order such other relief as may seem just in the

19 circumstances.

20 Dated: February 2, 2009

CAROL W. LYNCH
City Attorney
City of Rancho Palos Verdes

MITCHELL E. ABBOTT
VERONICA S. GUNDERSON
RICHARDS, WATSON & GERSHON
A Professional Corporation

By: _____
    Mitchell E. Abbott
    Attorney for Defendant and
    Counter claimant,
    *City of Rancho Palos Verdes*

# EXHIBIT A

# EXHIBIT A

*- City Copy*

## AGREEMENT BETWEEN THE CITY OF
## RANCHO PALOS VERDES AND V.H. PROPERTIES, CORPORATION

THIS AGREEMENT is made and entered this 2nd day of September 2003, by and between the City of Rancho Palos Verdes, a California municipal corporation ("City") and V.H. Properties, Corporation ("Developer"). City and Developer are sometimes referred to singularly herein as "Party" and collectively as the "Parties."

## RECITALS

A.      Developer is the owner of that certain real property encompassed within Tentative Tract Map No. 50666, a portion of which is proposed for single-family residential development (the "Property"). The Property is part of a larger development, which is owned by Developer and is generally located at 1 Ocean Trails Drive, Rancho Palos Verdes, California, commonly known as the Ocean Trails Project ("Ocean Trails"). Ocean Trails consists of a 258-acre site bounded by Palos Verdes Drive South on the north, the Portuguese Bend Club on the west, the Pacific Ocean on the south and Shoreline Park on the east.

B.      City approved various applications for the Ocean Trails project to allow the construction of a Residential Planned Development of 75 single family dwelling units and the development of an 18-hole golf course with associated clubhouse and parking facilities.

C.      The Property encompasses three landslide areas. Because portions of the Property that are being developed for residential purposes may be affected by one or more landslides on the Property, the public safety, health and welfare require that the geological and geotechnical conditions of the Property be thoroughly analyzed and addressed before construction of the proposed residences may proceed.

D.      City and Developer have each retained experts to analyze the geological conditions that underlie the site of the proposed residential units and to make recommendations regarding the potential development of the Property. However, given the inherent complexity of the geology on the Property and the inherent subjectivity of the science of geology, the Parties' respective experts have not always agreed on the geologic conditions on the Property or the actions that are necessary to achieve a factor of safety of at least 1.5 for the development of the residential lots.

E.      In the past, the Parties have found it useful to utilize a three-member panel of independent experts to review the geological and geotechnical data for the Ocean Trails Project in order to resolve any differences between the Parties' respective experts. However, the former panel of experts did not provide the definitive guidance desired by either City or Developer regarding the development of the residential lots in Tentative Tract 50666. Accordingly, City and Developer desire to form a new three-member panel (the "Panel") to resolve any disputes regarding the geotechnical and geological issues affecting the Property.

F.      City and Developer desire to cooperate to select three new geological/geotechnical experts to comprise the Panel. City and Developer further desire to enter into this Agreement to memorialize their understanding with respect to this subject matter and their commitment to proceed with the review of the geotechnical and geological conditions of the Property and to be bound by the recommendations and conclusions of the Panel.

NOW, THEREFORE, in consideration of the mutual promises, obligations and covenants hereinafter set forth, the Parties hereto agree as follows:

Section 1.      Incorporation of Recitals. Each and every recital set forth above is hereby incorporated by this reference as though set forth in full and expressly made a part of this Agreement.

Section 2.      Selection of Panel Experts. City and Developer hereby agree that the three experts who will be members of the Panel will be selected as follows: City and Developer each shall provide a list of experts who are eligible for selection to the panel. Each Party shall have the right to veto any expert included on the other party's list. Each Party shall select one geologist from the other party's approved list to participate on the Panel. The two geologists who have been selected to participate on the Panel are set forth on Exhibit A, which is attached hereto and incorporated herein by this reference. These two geologists then shall select the third expert from a list of geotechnical engineers who have been approved by both Parties pursuant to the process set forth in this Section 2. The final list of individuals who will comprise the three-member Panel are set forth on Exhibit B to this Agreement, which is attached hereto and incorporated herein by this reference.

Section 3.      Impartial Review. The Parties hereby acknowledge and agree that although City shall retain the three experts who will comprise the Panel, the Panel shall be charged with providing an impartial analysis of the geological and geotechnical data related to the Property and to resolve disagreements between City's geological and geotechnical experts and the experts that are performing work on behalf of Developer. The Parties further acknowledge and agree that the Panel shall be instructed not to meet, either individually or as a panel, privately with either the City, its geologists or its geotechnical engineers or the Developer, its geologists or its geotechnical engineers. City and Developer further agree that: (i) City and Developer shall limit their contact with the Panel to times when both Parties are present; (ii) City and Developer shall have equal input into the Panel's performance of its impartial review; and (iii) City and Developer shall provide joint instructions to the Panel. However, nothing in this Section 3 shall be construed to prevent the members of the Panel from meeting with one another privately to discuss the geological and geotechnical data, nor shall this Section 3 prevent the Panel from seeking additional input from the Parties, so long as such requested input shall be either communicated to the City and the Developer in a meeting at which both parties are present or in writing, which is provided to both Parties simultaneously.

Section 4.      Compensation for Panel. Upon execution of this Agreement, Developer shall deposit with the City the sum of $25,000. City shall hold these funds in a trust account established for the purpose of compensating the members of the Panel for their services rendered

746172-2                                    2

026

pursuant to this Agreement. When the balance in the trust account drops below $5,000, City shall notify Developer and request additional funds. Developer shall deposit such additional funds with City within ten (10) business days of receipt of the written request from the City. Notwithstanding the immediately preceding sentence, Developer shall not be in default hereunder if it fails to deposit such additional funds with City, but either party shall have the right to terminate this Agreement if Developer fails to deposit such additional funds with City, all as more specifically set forth in Section 5 below. Nothing herein shall be construed to permit Developer to fail to reimburse City for work that already has been performed by the Panel.

Section 5.    Termination. If Developer fails to deposit any additional funds contemplated by Section 4 above or Section 8 below, then Developer shall not be default hereunder, but either Developer or City shall have the right to terminate this Agreement by providing at least thirty (30) days advance written notice to the other Party. Additionally, if Developer sells or otherwise transfers substantially all of the residential property contained within Tentative Tract Map No. 50666 to a person or entity that is not affiliated with or related to Developer, then Developer shall have the right to terminate this Agreement by providing at least thirty (30) days advance written notice to the City. If this Agreement is terminated prior to the resolution of the geologic issues concerning the Property, the members of the Panel shall be compensated for the work that has been performed as provided in Section 4, and City again shall use its standard process of having its geologists and geotechnical engineers review the reports and recommendations of the Developer's experts. Developer further acknowledges that if this Agreement is terminated prior to the resolution of the geologic issues concerning the Property, Developer shall not have the right to rely on this Agreement, that the issue of the developability of the residential lots in Tract 50666 may not have been resolved to City's satisfaction, and that City shall not be bound by this Agreement.

Section 6.    Scope of Panel's Review. The focus of the Panel is to determine the stability of the residential portions of Tract 50666 and whether those lots are impacted by the geological and geotechnical conditions of Landslide A. However, City and Developer hereby acknowledge and agree not to restrict the areas that the Panel may explore to make such determination and to defer to the judgment of the Panel with respect to what additional geologic studies and tests, if any, should be conducted and what additional changes or improvements, if any, should be incorporated into the Project in order to permit such residential development.

Section 7.    Hold Harmless and Covenant not to Sue. The Parties hereby acknowledge that the Panel is being retained to resolve differences between the respective geological/ geotechnical experts retained by the Parties in order to allow Developer to complete the development of the Project, and that the Panel is solely providing impartial analysis and recommendations based on their combined professional judgment and are not preparing geotechnical designs for any future residential structures on those lots or insuring that the stability is sufficient to safely support such structures. The Parties further acknowledge that the members of the Panel are not in any way interested in the development of the Property, either financially or otherwise, and would not provide the advice contemplated by this Agreement absent assurances by the Parties that they will not sue the Panel or its individual members based on the advice provided. Accordingly, City and Developer hereby covenant and agree not to sue the Panel or any of its individual members for any advice, opinions, conclusions or

746172-2                                          3

recommendations the Panel makes with respect to the geological and geotechnical conditions underlying the Property and the stability of the proposed residential sites. Developer further agrees to indemnify, defend and hold the Panel and each member thereof harmless from any claims, losses, costs or damages that results from geological instability on the Property. The members of the Panel are third party beneficiaries of this Agreement, and the provisions of this Section 7 shall also run to the benefit of the members of the Panel as if made directly to them. This Covenant shall survive the termination of this Agreement.

Section 8.     Covenant to be Bound. City and Developer hereby covenant and agree that any decisions and recommendations rendered by the Panel shall be binding on both City and Developer, including, but not limited to: (i) any decisions supporting, or disagreeing with, the recommendations or conclusions of one Party's experts; and (ii) any conclusions or recommendations arrived at independently by the Panel, including any recommendations regarding additional studies, borings or analysis to be performed or improvements to be constructed. The Parties further agree to take all steps reasonably necessary to diligently pursue and implement the recommendations of the Panel. Notwithstanding the foregoing, Developer shall not be in default hereunder if Developer elects not to incur any additional cost or expense as a result of any such recommendations provided that, in such event, either Party shall have the right to terminate this Agreement as more specifically provided in Section 5 above. This Agreement shall inure to the benefit of and bind the Parties to this Agreement and each of their respective heirs, assigns and successors in interest. Nothing herein shall be construed to grant the Panel any authority to obligate the City to incur any expense whatsoever; and except as expressly provided herein, nothing herein shall be construed to grant the Panel any authority to obligate the Developer to incur any expense whatsoever.

Section 9.     Further Assurance. Each Party hereto agrees to take such actions, and to execute such certificates and other instruments, as may be necessary or appropriate to give effect to and carry out the provisions of this Agreement.

Section 10.     Integration and Amendment.

10.1     This Agreement, and any documents incorporated herein by specific reference, represents the entire and integrated agreement between Developer and City with respect to the subject matter hereof. This Agreement supersedes all prior negotiations, representations or agreements, whether oral or written.

10.2     This Agreement may not be amended, modified, or expanded except by a written instrument signed by each of the Parties hereto.

10.3     The City has entered into an agreement with each of the members of the Panel. Those three agreements are attached hereto as Exhibits C, D, and E and are incorporated herein by this reference, and shall not be amended without Developer's prior written consent. This Agreement shall not be amended, terminated or

746172-2                                    4

otherwise modified without thirty days advance written notice first being provided to all of the members of the Panel.

**Section 11.    Assignment.**  Neither Party shall assign its interest in this Agreement, or any portion of this Agreement, without the prior written consent of the other Party, which consent shall not be unreasonably withheld. Notwithstanding the foregoing, Developer shall have the right to assign this Agreement to any person or entity to whom Developer sells substantially all of the residential portions of Tentative Tract Map No. 50666 provided that at least fifteen days prior to the effective date of such assignment, Developer shall give written notice thereof to City, and provided, further, that Developer shall deliver to City a copy of the proposed assignment and assumption agreement for City's review and approval, which shall not be unreasonably withheld, and Developer shall deliver a copy of the executed assignment and assumption agreement, in the form approved by the City, prior to the effective date of the assignment.

**Section 12.    Interpretation.**  This Agreement is deemed to have been prepared by both of the Parties hereto, after consulting with legal counsel, and any uncertainty or ambiguity herein shall not be interpreted against the drafter, but rather, if such ambiguity or uncertainty exists, shall be interpreted according to the applicable rules of interpretation of contracts under the law of the State of California.

**Section 13.    Governing Law.**  This Agreement shall be construed and enforced in accordance with the laws of the State of California.

**Section 14.    Notices.**  Any notice required or authorized to be given by this Agreement shall, unless otherwise specified herein, be in writing, shall be served on the receiving Party either by personal delivery or deposit in the United States mail with first-class postage prepaid, and shall be addressed to the receiving party's specified contact person and address listed below, unless written notice is provided of a change of address as to either party.  For the purposes of this Agreement, notices delivered in person shall be deemed communicated as of the date of actual receipt; notices sent via regular mail shall be deemed communicated as of three (3) days after deposit thereof in the United States mail, addressed as shown on the addressee's registry or certificate of receipt.

All notices served pursuant to this Agreement shall be addressed as follows:

If to City:                       Les Evans, City Manager
                                  City of Rancho Palos Verdes
                                  30940 Hawthorne Boulevard
                                  Rancho Palos Verdes, California 90275

                                  *With a copy to:*
                                  Carol W. Lynch, City Attorney
                                  Richards, Watson & Gershon
                                  355 South Grand Avenue, 40th Floor
                                  Los Angeles, California 90071

746172-2                                5

If to Developer:    V.H. Properties Corporation
          1 Ocean Trails Drive
          Rancho Palos Verdes, California 90275
          Attn:  Jeff Kaplinski

          *With a copy to:*
          Kenneth Wolfson, Esq.
          Latham & Watkins
          650 Town Center Drive, 20th Floor
          Costa Mesa, California 92626-1925

Either City or Developer may change its mailing address at any time by giving written notice of such change to the other party in the manner provided herein at least ten (10) days prior to the date such change is effected.

   IN WITNESS WHEREOF, Developer and City have executed this Agreement as of the date first hereinabove written.

        CITY OF RANCHO PALOS VERDES

        By: _____
          Douglas Stern, Mayor

ATTEST:

Jo Purcell, City Clerk

        V. H. PROPERTIES CORPORATION

        By: _____
        Name: *E.V.P DEVELOPMENT*
        Title:

        By: _____
        Name: *MIKE VANDERGOES*
        Title: *GENERAL MANAGER*

746172-2         6

**EXHIBIT A**
**GEOLOGISTS THAT HAVE BEEN APPROVED BY BOTH PARTIES**

Eldon Gath of Earth Consultants International
Scott Kerwin of AMEC Earth and Environmental, Inc.

**EXHIBIT B**
**FINAL MEMBERS OF THE PANEL**

Eldon Gath of Earth Consultants International
Scott Kerwin of AMEC Earth and Environmental, Inc.
Glenn Tofani of Geokinetics

**EXHIBIT C**
**AGREEMENT WITH AMEC EARTH &ENVIRONMENTAL, INC.**

*City Copy*

## AGREEMENT

## FOR PROFESSIONAL SERVICES

THIS AGREEMENT is made and entered into as of this 2nd day of September 2003, by and between the City of Rancho Palos Verdes, a municipal corporation, hereinafter designated as "City", and AMEC Earth & Environmental, Inc., hereinafter designated "Consultant."

### RECITALS

**A.** City desires to utilize the services of one of Consultant's employees, Mr. Scott Kerwin, to be a member of a panel of three experts that will provide City and V.H. Properties Corporation ("Developer") with independent third-party review of certain geological and/or geotechnical data that has been prepared in connection with the golf course and single-family development commonly known as Ocean Trails (the "Ocean Trails Project"). City and Developer have entered into an Agreement regarding this process, which is attached hereto as Exhibit "A" and incorporated herein by this reference.

**B.** Consultant represents that Mr. Kerwin is qualified to perform such services by virtue of his experience, training, education and expertise.

NOW, THEREFORE, in consideration of performance by the parties of the mutual promises, covenants, and conditions herein contained, the parties hereto agree as follows:

R6876\0001\745756.3

1

## Services.

**1.1** <u>Scope and Level of Services</u>.  Subject to the terms and conditions set forth in this Agreement, Consultant has been requested to provide independent third-party review of the geological and/or geotechnical data that has been prepared in connection with the Ocean Trails Project and to resolve disagreements between City's geological and geotechnical experts and the experts that are performing work on behalf of Developer.  Mr. Scott Kerwin is the individual who is assigned by Consultant to be its representative in connection with this Agreement and the work that Consultant will perform.

**1.2** <u>City Representative and Developer Representative</u>.  For the purposes of this Agreement, the City Representative shall be the Director of Planning Building and Code Enforcement, or such other person designated in writing by the Director (the "City Representative"), and Developer's Representative shall be Jeff Kaplinski, or such other person designated in writing by Developer (the "Developer's Representative").

**1.3** <u>Time for Performance</u>.  Consultant shall commence the services under this Agreement immediately upon receipt of a written request for such services from the City Representative (a copy of which shall be provided by City to Developer's Representative) and shall perform all services with reasonable diligence.

**1.4** <u>Impartial Review</u>.  Consultant hereby acknowledges and agrees that although City has retained Consultant, Consultant is charged with providing

2

an impartial analysis of the geological and geotechnical data related to the Ocean Trails Project and to resolve disagreements between City's geological and geotechnical experts and the experts that are performing work on behalf of Developer.  Consultant further acknowledges and agrees that he shall not, either individually or with other members of the panel, meet privately with either the City, its geologists or its geotechnical engineers or Developer, its geologists or its geotechnical engineers.  Consultant and City further agree that both City and Developer shall have equal input into Consultant's performance under the Agreement, and that Consultant shall take joint instructions from City and Developer.  Nothing in this provision shall be construed to prohibit members of the panel from meeting with one another privately to discuss the geological and geotechnical data.

**1.5  Third Party Beneficiary.**  Developer is a third party beneficiary of this Agreement, and this Agreement shall not be amended, terminated or otherwise modified without Developer's prior written consent, which shall not be unreasonably withheld.

**2.     Term**

This Agreement shall commence on September 2, 2003 (the "Effective Date"), and shall continue in full force and effect until terminated by either of the parties hereto in accordance with the provisions of Section 11 of this Agreement.  The parties anticipate that a significant amount of work will be required of Consultant and the other members of the panel between the Effective Date and December 31, 2003.

R6876\0001\745756.3

3

3.    **Compensation.**   City shall pay Consultant at the hourly rates that are specified in Exhibit "B" to this Agreement, which is attached hereto and incorporated herein by this reference, for all services provided under this Agreement.   Consultant hereby acknowledges and agrees that City shall pay Consultant's compensation under this Agreement solely from funds that have been deposited with City by Developer and are held in trust for this purpose.   City shall not withhold applicable federal or state payroll or other required taxes, or other authorized deductions from each payment made to Consultant.

4.    **Method of Payment.**

   4.1    **Invoices.** Consultant shall submit to City, with a copy to Developer, invoices for all services performed pursuant to this Agreement during the preceding month.  The invoices shall describe the services rendered during the period and shall show the number of hours worked, and the services that were performed.

   4.2    City and Developer shall review such invoices and shall notify Consultant in writing, with a copy to City or Developer, as applicable, of any disputed amounts.  City shall pay all undisputed portions of the invoice within thirty (30) calendar days after receipt of the invoice.

5.    **Standard of Performance.**  Consultant shall perform all services under this Agreement in accordance with the standard of care generally exercised by like professionals under similar circumstances.

6.    **Status as Independent Contractor.** Consultant is, and shall at all times remain as to City, a wholly independent contractor.  Consultant shall have no power to

R6876\0001\745756.3

4

incur any debt, obligation, or liability on behalf of City or otherwise act on behalf of City as an agent. Neither City nor any of its agents shall have control over the conduct of Consultant or any of Consultant's employees, except as set forth in this Agreement. Consultant shall not, at any time, or in any manner, represent that he or any of his agents or employees are in any manner the agents or employees of City. Consultant agrees to pay all required taxes on payments City makes to Consultant for services provided pursuant to this Agreement. Consultant shall fully comply with the workers' compensation laws regarding Consultant and Consultant's employees. Consultant agrees to indemnify and hold City harmless from any failure of Consultant to comply with applicable workers' compensation laws.

7. **Ownership of Work Product.** All reports, documents or other material developed or discovered by Consultant in the performance of this Agreement shall be and remain the joint property of City and Developer without restriction or limitation upon their use. Such material shall not be the subject of a copyright application by Consultant.

8. **Confidentiality.** Consultant in the course of its duties may have access to financial and statistical data of private entities. Consultant covenants that all data, documents, discussion, or other information developed or received by Consultant or provided for performance of this Agreement are deemed confidential and shall not be disclosed by Consultant without prior written authorization by City and Developer. City and Developer shall grant such authorization if disclosure is required by law. All data provided by City shall be returned to City upon the termination of this Agreement, and all data provided by Developer shall be returned to Developer upon the termination of

R6876\0001\745756.3

5

this Agreement. Consultant's covenant under this section shall survive the termination of this Agreement. Nothing herein shall be construed as preventing City from retaining a copy of all of the documents or data that were provided by, and returned to, Developer.

9. **Conflict of Interest**. Consultant and his employees, if any, will comply with all conflict of interest statutes of the State of California applicable to Consultant's services under this agreement, including, but not limited to, the Political Reform Act (Government Code Sections 81000, et seq.) and Government Code Section 1090. During the term of this Agreement, Consultant and his employees shall not perform work for another person or entity for whom Consultant is not currently performing work (including, without limitation, any person or entity that is affiliated with or related to Developer) that would require Consultant or one of his employees to abstain from a decision under this Agreement pursuant to a conflict of interest statute.

10. **Cooperation**. In the event any claim or action is brought against City or Developer relating to Consultant's performance or services rendered under this Agreement, Consultant shall render any reasonable assistance and cooperation that City or Developer might require. The time required from Consultant to assist City shall be remunerated by City in accordance with Section 3. If this Agreement is no longer in effect, so that Consultant is not performing work for City, and Developer requests Consultant's assistance, Developer and Consultant may enter into a separate agreement regarding compensation for those services.

11. **Termination**. City shall have the right to terminate this Agreement for any reason on fifteen (15) calendar day's written notice to Consultant. Consultant shall have

R6876\0001\745756.3

6

the right to terminate this Agreement for any reason on thirty (30) calendar day's written notice to City.  Consultant shall be paid for services satisfactorily rendered to the last working day the Agreement is in effect, and Consultant shall have no other claim against City by reason of such termination.

12.  **Notices**.  Any notices, bills, invoices, or reports authorized or required by this Agreement shall be in writing and shall be deemed received on (a) the day of delivery, if delivered by hand or overnight courier service during Consultant's, Developer's and City's regular business hours or by facsimile before Consultant's regular business hours; or (b) on the third business day following deposit in the United States mail, postage prepaid, to the addresses heretofore set forth in the Agreement, or to such other addresses as the parties may, from time to time, designate in writing pursuant to the provisions of this section.

| | |
|---|---|
| If to City: | City Manager<br>City of Rancho Palos Verdes<br>30940 Hawthorne Boulevard<br>Rancho Palos Verdes, California 90275 |
| If to Consultant: | Scott T. Kerwin<br>Principal Engineering Geologist<br>AMEC Earth & Environmental, Inc.<br>1290 Hancock Street, Suite 102<br>Anaheim, California 92807-1924 |
| With a copy to: | Jeff Kaplinski<br>V.H. Properties Corporation<br>1 Ocean Trails Drive<br>Rancho Palos Verdes, California 90275 |

13.  **Non-Discrimination and Equal Employment Opportunity**.    In  the performance of this Agreement, Consultant shall not discriminate against any employee, subcontractor, or applicant for employment because of race, color, creed, religion, sex,

R6876\0001\745756.3

7

marital status, national origin, ancestry, age, physical or mental handicap, medical condition, or sexual orientation.

14. **Non-Assignability; Subcontracting**.   Consultant shall not assign or subcontract all or any portion of this Agreement without the written permission of City and Developer. Any attempted or purported assignment or sub-contracting by Consultant shall be null, void and of no effect.  However, this Section shall not prevent Consultant from having other employees at AMEC Earth & Environmental, Inc. perform certain work pursuant to this Agreement under Mr. Kerwin's supervision and direction.

15. **Compliance with Laws**.  Consultant shall comply with all applicable federal, state and local laws, ordinances, codes and regulations.

16. **Non-Waiver of Terms, Rights and Remedies**.  Waiver by either party of any one or more of the conditions of performance under this Agreement shall not be a waiver of any other condition of performance under this Agreement.  In no event shall the making by City of any payment to Consultant constitute or be construed as a waiver by City or Developer of any breach of covenant, or any default which may then exist on the part of Consultant, and the making of any such payment by City shall in no way impair or prejudice any right or remedy available to City or Developer with regard to such breach or default.  Consultant acknowledges that no waiver by City shall be effective unless Developer agrees to such waiver in writing.

17. **Attorney's Fees**.  In the event that either party to this Agreement shall commence any legal action or proceeding to enforce or interpret the provisions of this

R6876\0001\745756.3

8

Agreement, the prevailing party in such action or proceeding shall be entitled to recover its costs of suit, including reasonable attorney's fees.

18.   **Insurance**.  During the term of this Agreement, Consultant shall maintain in effect automobile insurance in accordance with the requirements of California State law.

19.   **Entire Agreement**.   This Agreement, and any other documents incorporated herein by specific reference, represents the entire and integrated agreement between Consultant and City.  This Agreement supersedes all prior oral or written negotiations, representations or agreements.   This Agreement may not be amended, nor any provision or breach hereof waived, except in a writing signed by the parties to this Agreement.

20.   **Section Headings**.  The section and subsection headings used herein are for reference and convenience only and shall not be used in any manner in the interpretation hereof.

IN WITNESS WHEREOF, the parties, through their respective authorized representatives, have executed this Agreement as of the date first written above.

CITY OF RANCHO PALOS VERDES

By: _____
                           Mayor

ATTEST:

By: _____
        City Clerk

R6876\0001\745756.3

9

**AMEC EARTH & ENVIRONMENTAL, INC.**
**"CONSULTANT"**

By: _____   9-10-03
    Unit Mgr - Dougla Bell

By: _____

R6876\0001\745756.3

10

Exhibit " A"

Agreement Between City and Developer

R6876\0001\745756.3

11

044



Exhibit "B"

**AMEC Earth & Environmental, Inc.'s Fee Schedule
for Services Performed Pursuant to this Agreement**

  

| 1290 N. Hancock Street | 4201 Santa Ana Street | 5510 Morehouse Drive |
|---|---|---|
| Suite 102 | Suite F | San Diego, CA  92121 |
| Anaheim, CA  92807 | Ontario, CA  91761 | Tel (858) 458-9044 |
| Tel (714) 779-2591 | Tel (909) 605-6500 | Fax (858) 458-0943 |
| Fax (714) 779-8377 | Fax (909) 605-8502 | |

# STANDARD FEE SCHEDULE - GEOTECHNICAL & ENVIRONMENTAL SERVICES

## PERSONNEL CHARGES

| | |
|---|---|
| Staff Engineer/Staff Geologist/Staff Environmental Specialist ............................................................ | |
| Sr. Staff Engineer/Sr. Staff Geologist/Sr. Staff Environmental Specialist ................................. | $ 92.00 /hour |
| Project Engineer/Project Engineering Geologist/Project Environmental Specialist ................................ | 103.00 /hour |
| Sr. Project Engineer/Sr. Project Engineering Geologist /Sr. Project Environmental Specialist .............. | 107.00 /hour |
| Senior Engineer/Senior Engineering Geologist/Environmental Project Mgr/Health & Safety Officer........... | 117.00 /hour |
| Supervising Engineer/Supervising Engineering Geologist/Environmental Mgr./Certified Industrial Hygienist ......... | 130.00 /hour |
| Principal Engineer/Principal Engineering Geologist/Principal Environmental Scientist........................... | 140.00 /hour |
| | 156.00 /hour |
| | |
| Field Technician I ........................................................................................................... | |
| Field Technician II/Environmental Technician......................................................................... | $ 57.00 /hour |
| Senior Field Technician I ................................................................................................. | 68.00 /hour |
| Senior Field Technician II/Senior Environmental Technician ........................................................ | 79.00 /hour |
| Field Services Manager ................................................................................................... | 84.00 /hour |
| | 93.00 /hour |
| | |
| Laboratory Technician I .................................................................................................. | |
| Laboratory Technician II ................................................................................................. | $ 60.00 /hour |
| Senior Laboratory Technician............................................................................................ | 70.00 /hour |
| Laboratory Manager/Environmental Laboratory Supervisor ......................................................... | 82.00 /hour |
| | 92.00 /hour |
| | |
| Geotechnical/Environmental Draftsperson I............................................................................ | |
| Geotechnical/Environmental Draftsperson II........................................................................... | $ 60.00 /hour |
| Senior Geotechnical/Environmental Draftsperson .................................................................... | 66.00 /hour |
| | 77.00 /hour |
| | |
| Geotechnical/Environmental Clerk-Typist .............................................................................. | |
| Word Processor ............................................................................................................ | $ 50.00 /hour |
| Senior Word Processor .................................................................................................... | 57.00/hour |
| | 66.00 /hour |
| | |
| Depositions and Court Testimony (minimum charge of two hours)................................................... | $325.00 /hour |
| Overtime Premium is 30% of PERSONNEL CHARGE | |

## EXPENSES

| | |
|---|---|
| Vehicle Use for Field Services (added to appropriate "PERSONNEL CHARGE").................................... | $ 7.00 /hour |
| Per Diem for Living Expenses ............................................................................................ | 105.00 /pers |
| Postage, Reproduction, Long Distance Telephone, and Miscellaneous Supplies.................................. | 6%ofLabor |
| Outside Services (Consultants, Surveys, Chemical Lab Tests, etc.)................................................ | Cost+20% |
| Reimbursables (Travel Expenses, Maps, Photos, Permits, Expendable Supplies, etc.)......................... | Cost+20% |
| Personnel Protective Equipment (daily charge)........................................................................ | $130.00/pers |

## EQUIPMENT CHARGES

| | |
|---|---|
| BAT Permeameter ......................................................................................................... | $145.00/day |
| CADD ........................................................................................................................ | 10.00 /hour |
| Concrete/Asphalt Core Drill ............................................................................................. | 22.00 /hour |
| Exploratory Equipment Rental (Drill Rig, Backhoe, etc.) ...................................$12.00/core plus | Cost+20% |
| Ground Penetrating Radar ................................................................................................ | 600.00 /day |
| Groundwater Transducer and Dataloggers ............................................................................. | *32.00 /hour |
| HNU (Photoionization Meter)............................................................................................. | 100.00 /day |
| Monitoring Equipment Rental (Air, Water, Hazardous Materials, etc.)............................................. | Cost+20% |
| OVA (Organic Vapor Analyzer)........................................................................................... | 125.00 /day |
| Penetrometer - Dynamic................................................................................................... | 27.00 /hour |
| Penetrometer – Pneumatic................................................................................................ | 39.00 /hour |
| Single-Channel Seismic or Resistivity Equipment .................................................................... | 21.00 /hour |
| Twelve-channel Seismic or Resistivity Equipment.................................................................... | 30.00 /hour |
| Slope Indicator (Inclinometer)............................................................................................ | 27.00 /hour |
| *Reduced rates will apply to extended usage | |

Schedule FO

Effective 01-01-01



# STANDARD FEE SCHEDULE - GEOTECHNICAL & ENVIRONMENTAL SERVICES
## (cont'd)

### PERMITS, FEES AND BONDS

The costs of all permits and fees required by government agencies and performance or other bonds are to be paid by the Client, unless stated otherwise in an accompanying proposal.

### PROPOSAL PERIOD

Unless otherwise stated, a proposal accompanying this schedule is effective for sixty (60) days. If authorization to proceed is not received within this period, AMEC reserves the right to renegotiate the fee.

### LABORATORY TESTING

| | |
|---|---|
| California Bearing Ratio (with moisture-density curve) | $ 420.00 /test |
| California Bearing Ratio (individual point - excluding moisture-density curve) | 115.00/point |
| Chloride Content | 50.00 /test |
| Consolidation Test (single point) | 80.00 /test |
| Consolidation Test (without rate data) | 125.00 /test |
| Consolidation Test Rate Data (per load increment) | 55.00/each |
| Direct Shear Test (at natural moisture - constant strain rate) | 45.00/point |
| Direct Shear Test (saturated - constant strain rate) | 55.00/point |
| Direct Shear Test (saturated, recycled - constant strain rate) | 110.00/point |
| Direct Shear Test (ASTM 3080 - consolidated drained, 3 points/test) | 375.00 /test |
| Direct Shear Test (ASTM 3080 - consolidated drained, residual, 3 points/test) | 630.00 /test |
| Durability Index - Coarse and Fine | 150.00 /test |
| Expansion Index Test | 100.00 /test |
| Grain-Size Analysis - Sand-Clay, including Hydrometer | 135.00 /test |
| Grain-Size Analysis - Gravel-Clay, including Hydrometer | 175.00 /test |
| Liquid Limit or Plastic Limit | 50.00 /test |
| Los Angeles Abrasion Test (500 revolutions) | 135.00 /test |
| Los Angeles Abrasion Test (1000 revolutions) | 160.00 /test |
| Mechanical Analysis - ASTM D1140 (wash 200 sieve) | 50.00 /test |
| Mechanical Analysis - Sand or Gravel (dry sieve) | 70.00 /test |
| Mechanical Analysis - Sand or Gravel (wash sieve) | 90.00 /test |
| Mechanical Analysis - Sand and Gravel (wash sieve) | 130.00 /test |
| Moisture Content | 10.00 /test |
| Moisture-Density Curve (Calif. 216) | 140.00 /test |
| Moisture-Density Curve for Compacted Fills (4-inch Mold) | 155.00 /test |
| Moisture-Density Curve for Compacted Fills (6-inch Mold) | 175.00 /test |
| Moisture-Density Single Point | 70.00 /test |
| Permeability (falling head) | 135.00 /test |
| Permeability (constant head) | 229.00 /test |
| Permeability (triaxial: EPA Method 9100) | 360.00 /test |
| Resistance Value | 199.00 /test |
| Resistance Value (lime or cement-treated) | 245.00 /test |
| Resistivity Test (Calif. 532 or 643) | 85.00 /test |
| Sand Equivalent | 70.00 /test |
| Specific Gravity and Absorption - Gravel | 65.00 /test |
| Specific Gravity - Fine-Grained Soils | 70.00 /test |
| Sulphate Content | 45.00 /test |
| Triaxial Compression Test (U-U) | 115.00 /test |
| Triaxial Compression Tests (CD and CU with pore pressure) | 400.00/point |
| Unconfined Compression Test (undisturbed sample) | 60.00 /test |
| Unit Dry Weight and Moisture Content (undisturbed sample) | 20.00 /test |

Special Sample Preparation and Laboratory Testing not listed above charged at applicable hourly rates for personnel

**EXHIBIT D**
**AGREEMENT WITH EARTH CONSULTANTS INTERNATIONAL**

*City Copy*

## AGREEMENT

## FOR PROFESSIONAL SERVICES

THIS AGREEMENT is made and entered into as of this 2nd day of September 2003, by and between the City of Rancho Palos Verdes, a municipal corporation, hereinafter designated as "City", and Earth Consultants International, hereinafter designated "Consultant."

## RECITALS

A.    City desires to utilize the services of one of Consultant's employees, Mr. Eldon Gath, to be a member of a panel of three experts that will provide City and V.H. Properties Corporation ("Developer") with independent third-party review of certain geological and/or geotechnical data that has been prepared in connection with the golf course and single-family development commonly known as Ocean Trails (the "Ocean Trails Project"). City and Developer have entered into an Agreement regarding this process, which is attached hereto as Exhibit "A" and incorporated herein by this reference.

B.    Consultant represents that Mr. Gath is qualified to perform such services by virtue of his experience, training, education and expertise.

NOW, THEREFORE, in consideration of performance by the parties of the mutual promises, covenants, and conditions herein contained, the parties hereto agree as follows:

R6876\0001\745755.3

1