1  Matthew J. Liedle, SBN 128687
2  Erich J. Lidl, SBN: 144135
   LIEDLE, GETTY & WILSON, LLP
3  12555 High Bluff Drive, Suite 270
4  San Diego, California 92130
   Telephone:  858.847.3237
5  Facsimile:   858.847.3365
6  Attorneys for Defendants
   STANLEY HELENSCHMIDT and HELENSCHMIDT GEOTECHNICAL, INC.
7

8              UNITED STATES DISTRICT COURT

9       CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10

| | |
|---|---|
| 11  VH PROPERTY CORP. and VHPS LLC, | Case No. CV09-00298-MMM (PJWx) |
| 12 | Judge:  Hon. Margret M. Morrow |
|     Plaintiffs, | |
| 13 | |
|   v. | **DEFENDANTS STANLEY HELENSCHMIDT AND HELENSCHMIDT GEOTECHNICAL, INC.'S POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND ACTION TO STATE COURT** |
| 14 | |
| 15  CITY OF RANCHO PALOS VERDES; COTTON, SHIRES AND ASSOCIATES, INC.; WILLIAM COTTON; HELENSCHMIDT GEOTECHNICAL, INC.; STANLEY HELENSCHMIDT; GEOKINETICS, INC. a/k/a APPLIED GEOKINETICS; GLEN TOFANI; and DOES 1 TO 100, | |
| 16 | |
| 17 | |
| 18 | Action Filed:    December 18, 2008 |
|     Defendants. | (Los Angeles Superior Court Case No.: BC404048.) |
| 19 | |
| 20 | **HEARING DATE:   March 23, 2009** |
|     | **HEARING TIME:   10:00 A.M.** |
| 21  CITY OF RANCHO PALOS VERDES, | |
| 22     Counter claimant, | |
| 23   v. | |
| 24  VH PROPERTY CORP. and VHPS LLC, | |
| 25 | |
|     Counter defendants. | |
| 26 | |

27
28

DEFENDANTS STANLEY HELENSCHMIDT AND HELENSCHMIDT GEOTECHNICAL, INC.'S POINTS AND
AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND ACTION TO STATE COURT

Defendants Stanley Helenschmidt and Helenschmidt Geotechnical, Inc. ("Helenschmidt") respectfully submit the following points and authorities in opposition to the plaintiffs' motion to remand action to state court.

### 1. Plaintiffs Are Seeking Remand Based On Abstention, Not Pursuant To 28 U.S.C. Section 1447(c)

Jurisdiction is proper in the federal court pursuant to 28 U.S.C section 1441(b) removal jurisdiction and supplemental jurisdiction. The plaintiffs seek remand based on abstention principles. Accordingly, the requested remand is not based on the statutory grounds set forth in 28 U.S.C. section 1447(c), but rather on the federal court's power to refrain from hearing cases based on "scrupulous regard for the rightful independence of the state governments and for the smooth working of the federal judiciary" (*Quackenbush v. Allstate Ins. Co.* (1996) 517 U.S. 706, 718, 116 S.Ct. 1712, 135 L.Ed.2d 1, 64 USLW 4379, quoting *Railroad Commission of Texas v. Pullman Co.* (1941) 312 U.S. 496, 500-501, 61 S.Ct. 643, 85 L.Ed. 971.) There is no provision for plaintiffs' request for attorneys' fees under abstention, as compared to remand for jurisdictional defect under 28 U.S.C. 1447(c). The Court should thus not entertain any request for plaintiffs' attorneys' fees.

### 2. Plaintiffs Are Only Seeking Monetary Damages Against Helenschmidt

Stanley Helenschmidt is a geotechnical engineer, a former employee of defendant Cotton Shires and Associates, and an employee of Helenschmidt Geotechnical, Inc. Helenschmidt Geotechnical, Inc. is a sub-consultant to Cotton Shires and Associates with respect to the subject project. Helenschmidt is/was not involved in the *Monks* case referenced at length by plaintiffs in their motion.

Plaintiffs' Penn Central-type taking claims are only against defendant City of Rancho Palos Verdes. The same is true as to plaintiffs' mandamus cause of action. Against Helenschmidt, the plaintiffs allege causes of action for violation of due process under the federal constitution (third cause of action), violation of due process under the state constitution (fourth cause of action), violation of equal protection under the federal

constitution (fifth cause of action), violation of equal protection under the state constitution (sixth cause of action), fraud (seventh cause of action), breach of contract third party beneficiary (eighth cause of action), breach of implied covenants of good faith and fair dealing (ninth cause of action), unjust enrichment (tenth cause of action), intentional interference with perspective economic advantage (eleventh cause of action), and unfair business practices (twelfth cause of action). None of those causes of action are land use causes of action as against Helenschmidt. None of plaintiffs' equitable causes of action against Helenschmidt involve land use. Helenschmidt does not have the power to grant building permits. Plaintiffs are merely seeking money damages from Helenschmidt.

In addition, as plaintiffs noted in their moving papers, the constitutional provisions are essentially the same between the state and federal constitutions. Accordingly, abstention of the state constitutional claims is improper, since it is assumed that the state constitution would be interpreted in conformity with federal law. (See *Examining Board of Engineers v. Flores de Otero* (1976) 426 U.S. 572, 598.)

### 3. The District Court Cannot Remand The Non-Discretionary Claims Against Helenschmidt Under *Pullman* and *Burford*

**A. Plaintiffs Seek Monetary Damages Against Helenschmidt.**

There is no authority to remand plaintiffs' federal claims and damages causes of action to state court. Remand (or dismissal) based on abstention principals is limited to cases in which the relief sought is equitable in nature or otherwise discretionary (e.g., actions for injunctive or declaratory relief.) (*Quackenbush, supra,* 517 U.S. at 721, 731.) A federal court will not remand a damages action, even if abstention is otherwise appropriate. (*Federal Civil Procedure Before Trial*, The Rutter Group, Chapter 2D, 2:1088.3) The district courts response is limited to staying the removed action, if appropriate. (*Quackenbush, supra,* 517 U.S. at 721.) If the federal claims are proper jurisdictionally, the court must retain (at least) that portion of the action. (*In re City of Mobile* (11th Cir. 1996.) 75 F.3rd 605, 607; *Borough of West Mifflin v. Landcaster* (3rd

-3-
DEFENDANTS STANLEY HELENSCHMIDT AND HELENSCHMIDT GEOTECHNICAL, INC.'S POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND ACTION TO STATE COURT

1  Cir. 1995) 45 F.3d 780, 787.)  In suits seeking only money damages (legal relief) a
2  federal court may invoke abstention principles only to stay the action (i.e., postponing
3  its exercise of jurisdiction).  The court may not invoke abstention to dismiss or remand
4  the action. *(Quackenbush, supra,* 517 U.S. at 721.)

5        The claims against Helenschmidt are monetary in nature.  The majority of the
6  claims against Helenschmidt are not equitable.  Those that are, seek only monetary
7  damages.  In essence, plaintiffs claim against Helenschmidt is simply that they have
8  been damaged because Helenschmidt has been unreasonable in rendering his
9  professional services.  No compelling state interest is at issue regarding the claims for
10 damages against Helenschmidt.  The Court can at most stay the federal and damages
11 claims against Helenschmidt.

12       **B. The District Court Cannot Remand The Federal Claims**

13       The federal courts have a strict duty to exercise the jurisdiction that is conferred
14 upon them by Congress. *(Quackenbush, supra,* 517 U.S. at 716.)  Federal courts have a
15 "virtually unflagging obligation…to exercise the jurisdiction given them."  *(Ibid.,*
16 quoting *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 821,
17 96 S.Ct. 1236, 47 L.Ed.2d 483.)  "When a federal court is properly appealed to in a case
18 over which it has by law jurisdiction, it is its duty to take such jurisdiction."
19 *(Quackenbush, supra,* 517 U.S. at 716, citing *England v. Louisiana Bd. of Medical*
20 *Examiners* (1964) 375 U.S. 411, 415, 84 S.Ct. 461, 11 L.Ed.2d 440.)

21       However, federal courts have the power to refrain from hearing cases in which
22 the resolution of a federal constitutional question might be obviated if the state courts
23 were given the opportunity to interpret ambiguous state law. *(Quackenbush, supra,* 517
24 U.S. at 716-717.)  It has long been established that a federal court has the authority to
25 decline to exercise its jurisdiction when it "is asked to employ its historic powers as a
26 court of equity."  *(Id.,* at 717, citing *Fair Assessment in Real Estate Assn., Inc. v.*
27 *McNary* (1981) 454 U.S. 100, 120, 102 S.Ct. 177, 70 L.ed.2d 271.)

28

DEFENDANTS STANLEY HELENSCHMIDT AND HELENSCHMIDT GEOTECHNICAL, INC.'S POINTS AND
AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND ACTION TO STATE COURT

The Supreme Court discussed the *Pullman* doctrine in the *Quackenbush* decision when it noted:

> "...The history of equity jurisdiction is the history of regard for public consequences in employing the extraordinary remedy of the injunction... Few public interests have a higher claim upon the discretion of a federal chancellor then the avoidance of needless friction with state policies, whether the policy relates to the enforcement of the criminal law, or the administration of a specialized scheme for liquidating embarrassed business enterprises, or the final authority of a state court to interpret doubtful regulatory laws of the state. These cases reflect the doctrine of abstention appropriate to our federal system, whereby the federal courts, 'exercising a wise discretion,' restrain their authority because of 'scrupulous regard for the rightful independence of the state governments' and for the smooth working of the federal judiciary. This use of equitable powers is a contribution of the courts in furthering the harmonious relation between state and federal authority without the need of rigorous congressional restriction of those powers." (*Quackenbush, supra,* 517 U.S. at 717-718, citing *Pullman, supra,* 312 U.S. at 500-501.)

In *Quackenbush* the Supreme Court stated that they have recognized that the authority of a federal court to abstain from exercising its jurisdiction extends to all cases in which the court has discretion to grant or deny relief. (*Quackenbush, supra,* 517 U.S. at 718.) As to Helenschmidt, the Court does not have discretion to extend relief as to the plaintiffs' third through ninth, and eleventh causes of action.

### 4. The Discretionary Claims Against Helenschmidt Do Not Meet *Pullman* or *Burford* Abstention Requirements

Prior to *Quackenbush* the Supreme Court had not previously addressed whether the principles underlying their abstention cases would support the remand or dismissal

-5-

of a common law action for damages. (*Id.*, at 719.) They had applied abstention principles to actions "at law" only to permit a federal court to enter a stay order that postpones adjudication of the dispute, not to dismiss the federal suit altogether. (*Ibid.*) In cases where the relief being sought is equitable in nature or otherwise discretionary, federal courts not only have the power to stay the action based on abstention principles, but can also, in otherwise appropriate circumstances, decline to exercise jurisdiction altogether by either dismissing the suit or remanding it to the state court. (*Quackenbush, supra,* 517 U.S. at 721.)

By contrast, while they have held that federal courts may stay actions for damages based on abstention principles, they have not held that those principles support the out right dismissal or remand of damages actions. (*Ibid.*) This is true as to the claims against Helenschmidt. Plaintiffs are seeking monetary damages against Helenschmidt. All but two of the causes of action, including the federal constitutional claims, are legal causes of action, not equitable. The *Pullman* criteria are not present in plaintiffs' claims for unjust enrichment and unfair business practices. The claims against Helenschmidt do not involve a sensitive area of social policy. They are not land use claims. There is no likelihood that the federal constitutional issues would be mooted. There is no uncertainty as to the state law as it pertains to Helenschmidt. Accordingly, the Court must retain jurisdiction.

Neither is abstention under *Burford* applicable. In *Quackenbush* the Supreme Court addressed the holding of the *Burford* doctrine ruling that:

> "Although a federal equity court does have jurisdiction of a particular proceeding, it may, in its sound discretion, whether its jurisdiction is invoked on the ground of diversity citizenship or otherwise, 'refuse to enforce or protect legal rights, the exercise of which may be prejudicial to the public interest,' For it 'is in the public interest that federal courts of equity should exercise their discretionary power with proper regard for the rightful independence of state governments in carrying out their domestic

-6-

policy.' While many other questions are argued, we find it necessary to decide only one: Assuming that the federal district court had jurisdiction, should it, as a matter of sound equitable discretion, have declined to exercise that jurisdiction here?" *(Quackenbush, supra,* 517 U.S. at 724, quoting *Burford v. Sun Oil Co.,* 319 U.S. 315, 317-318, 63 S.Ct. 1098, 87 L.Ed. 1424.)

*Burford* allows a federal court to dismiss a case only if it presents "difficult questions of state law bearing on policy problems of substantial public import who's importance transcends the result in the case then at bar," or if its adjudication in a federal forum "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *(Quackenbush, supra,* at 726-727, quoting *New Orleans Public Service, Inc. v. Council of City of New Orleans* (1989) 491 U.S. 350, 361.) There is no difficult question of state law against Helenschmidt. The case is not of import that transcends the case at hand. Nor is there a state effort to establish a policy of substantial public concern regarding Helenschmidt.

While *Burford* is concerned with protecting complex state administrative processes from undue federal influence, it does not require abstention whenever there exists such a process, or even in all cases where there is a "potential for conflict" with state regulatory law or policy. *(Quackenbush, supra,* 517 U.S. at 727, quoting *NOPSI, supra,* 491 U.S. at 362.) The Supreme Court points out that it approved the district court's dismissal of the complaint on a number of grounds that were unique to the *Burford* case. *(Quackenbush, supra,* 517 U.S. at 725.) Those unique circumstances included the difficulty of the regulatory issues presented, the demonstrated need for uniform regulation in the area, and most importantly the detrimental impact of ongoing federal court review of the commissions orders, which review had already lead to contradictory adjudications by the state and federal courts. *(Ibid.)*

The Supreme Court found the dismissal appropriate in *Burford* because the availability of an alternative, federal forum threatened to frustrate the purpose of the complex administrative system that Texas has established. *(Ibid.)* Since *Burford*, the Supreme Court has provided more generalized descriptions of the *Burford* doctrine, e.g. "abstention on grounds of comity with the States where the exercise of jurisdiction by the federal court would disrupt a state administrative process"; abstention where "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern. *(Ibid.)* The Supreme Court concludes that the *Burford* doctrine permits a federal court sitting in equity to dismiss a case only in <u>extraordinary circumstances</u>. *(Quackenbush, supra,* 517 U.S. at 726 [emphasis added].)

None of these are present in the discretionary claims asserted against Helenschmidt in the plaintiffs' complaint. The Court does not have the authority to remand non-discretionary claims. The equitable causes of action against Helenschmidt do not involve land use. Rather they are claims for unjust enrichment and unfair business practices. No disruption of any state administrative process pertains to the claims against Helenschmidt.

The *Quackenbush* court's analysis demonstrated that the power to dismiss under the *Burford* doctrine as with other abstention doctrines, derives from the discretion historically enjoyed by courts of equity. *(Id.,* at 727-728.) They further demonstrate that exercise of this discretion must reflect "principles of federalism and comity." *(Id.,* at 728.) Ultimately, what is at stake is a federal court's decision based on a careful consideration of the federal interests in retaining jurisdiction over the dispute and the competing consent for the "independence of state action", that the State's interests are paramount and that a dispute would best be adjudicated in a state forum. *(Ibid.)* This equitable decision balances the strong federal interest in having certain classes of cases, and certain federal rights, adjudicated in federal court, against the state's interest in maintaining "uniformity in the treatment of an 'essentially local problem,'" and retaining

local control over "difficult questions of state law bearing on policy problems of substantial public import." This balance only rarely favors abstention, and the power to dismiss recognized in *Burford* represents and "extraordinary and narrow exception to the duty of the district court to adjudicate a controversy properly before it." (*Ibid.*) There is absolutely no uniformity issue in the plaintiffs' claims against Helenschmidt.

In *Quackenbush* the Supreme Court found the federal interest in the case as pronounced. (*Ibid.*) They found with regard to the state interests, however, the case appeared at first blush to present nothing more than a run-of-the-mill contract dispute. (*Id.*, at 729.) This matter is nothing more than a grievance by plaintiffs over the professional services rendered by Helenschmidt to the City of Rancho Palos Verdes.

The *Quackenbush* court agreed with the Ninth Circuit that a federal court cannot, under *Burford* dismiss or remand an action when the relief sought is not discretionary. (*Id.*, at 730.) Only two causes of action against Helenschmidt are discretionary.

In the cases in which they apply traditional abstention principles to damages actions, the Supreme Court has only permitted a federal court to "withhold action until the state proceedings have concluded." (*Ibid*) They have only permitted federal courts applying abstention principles in damages actions to enter a stay, but have not permitted them to dismiss the action altogether. (*Ibid.*) The Supreme Court found that not to be a per se rule. However, the final holding in *Quackenbush* is that under Supreme Court precedents, federal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary. (*Id.*, at 731.)

### 5. Conclusion

Only two claims against Helenschmidt are discretionary, unjust enrichment and unfair business practices. Neither of these claims meet the requirements of *Pullman* or *Burford*.

Federal courts have a strict duty to exercise their jurisdiction. No difficult question of state law and no matter of substantial public concern are involved in the claims against Helenschmidt. This is not an extraordinary circumstance to override the strong federal interest in having federal rights determined in federal court. Plaintiffs' motion to remand the action to state court should be denied. At a minimum, the federal action should be stayed pending resolution of remanded state discretionary causes of action.

Dated: March 2, 2009                    LIEDLE, GETTY & WILSON, LLP


By: /s/ Erich J. Lidl
Matthew J. Liedle
Erich J. Lidl

Attorneys for Defendants
STANLEY HELENSCHMIDT and
HELENSCHMIDT GEOTECHNICAL, INC.

DEFENDANTS STANLEY HELENSCHMIDT AND HELENSCHMIDT GEOTECHNICAL, INC.'S POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND ACTION TO STATE COURT

<u>*VH Property Corp. and VHPS, LLC v. City of Rancho Palos Verdes, et al.*</u>
United States District Court, Southern District of California
Case No. CV09-00298-MMM (PJWx)

## DECLARATION OF SERVICE

I declare that I am a citizen of the United States and a resident of the County of San Diego, California or employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 12555 High Bluff Drive, Suite 270, San Diego, California 92130.

On March 2, 2009, I served the following document, entitled as follows

**"DEFENDANTS STANLEY HELENSCHMIDT AND HELENSCHMIDT GEOTECHNICAL, INC.'S POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND ACTION TO STATE COURT"**

in the above-entitled action.

[ ]   by placing [ ] the original [X] a true copy thereof enclosed in sealed envelopes addressed as follows:

[ ]   **BY U.S. MAIL:** Such envelopes were deposited in the mail at San Diego, California. The envelopes were mailed with postage thereon fully prepaid.

I am readily familiar with Liedle, Getty & Wilson's practice of collection and processing correspondence for mailing. Under that practice, documents are deposited with the U.S. Postal Service on the same day which is stated in the proof of service, with postage fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

[X]   **BY ELECTRONIC FILING:** I am familiar with the United States District Court, Southern District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the following CM/ECF users were served:

**SEE ATTACHED SERVICE LIST**

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on March 2, 2009, at San Diego, California.

*Roxane Fobes*
Roxane Fobes

PROOF OF SERVICE

***VH Property Corp. and VHPS, LLC v. City of Rancho Palos Verdes, et al.***
United States District Court, Central District of California
Case No. CV09-00298-MMM (PJWx)

| SERVICE LIST | | |
|---|---|---|
| Mitchell E. Abbott, Esq.<br>Richards, Watson, and Gershon<br>355 S. Grand Avenue 40th Floor<br>Los Angeles, California 90071-3101<br>T: 213.626.8484<br>F: 213.626.0078<br>Counsel for<br>City of Rancho Palos Verdes<br><br>mabbott@rwglaw.com | Rachel W. Menkes, Esq.<br>Lewis, Brisbois Bisgaard & Smith<br>650 Town Center Drive, Ste 1400<br>Costa Mesa, CA 92626<br>T:714.545.9200<br>Counsel for<br>Geokinetics, Inc<br>rmenkes@lbbslaw.com | Stuart M. Miller, Esq.<br>Wellman and Arren, LLP<br>24411 Ridge Route Drive<br>Suite 200<br>Laguna Hills, CA 92653<br>T: 949.5803737<br>F: 949.580.3738<br>Counsel for<br>VH Property Corp.<br>stuartmiller@earthlink.net |
| William Cotton<br>Cotton, Shires & Associates, Inc.<br>330 Village Lane<br>Los Gatos, CA 95030 | David B. Casselman<br>Wasserman, Comden &<br>Casselman, LLP<br>5567 Reseda Blvd,. Suite 330<br>Tarzana, CA 91356<br>F: 818.345.0162<br>Counsel for William Cotton and<br>Cotton Shires & Associates | Charles S. Krolikowski<br>Newmeyer & Dillion, LLP<br>895 Dove Street, 5th Floor<br>Newport Beach, CA 92660<br>F:   949.854.7099<br>Counsel for Glen Tofani and<br>Geokinetics, Inc. |
| Stanley Helenschmidt<br>Helenschmidt Geotechnical, Inc.<br>5245 Avenida Encinas<br>Suite B<br>Carlsbad, CA 92008 | | |