1  Scott W. Wellman – SBN 82897
2  Stuart Miller – SBN 175849
   WELLMAN & WARREN LLP
3  24411 Ridge Route, Suite 200
4  Laguna Hills, CA 92653
   Telephone: (949) 580-3737
5  Facsimile: (949) 580-3738
6  Emails: swellman@w-wlaw.com
              stuartmiller@earthlink.net
7  Attorneys for Plaintiffs
8

9                  UNITED STATES DISTRICT COURT
10                 CENTRAL DISTRICT OF CALIFORNIA
11                       WESTERN DIVISION
12

13 VH PROPERTY CORP. and VHPS          Case No: 09-CV-00298-MMM-PJW
   LLC,                                 Judge: Hon. Margaret M. Morrow
14

15          Plaintiffs,
16 v.                                   **PLAINTIFFS' MEMORANDUM OF**
                                        **POINTS AND AUTHORITIES IN**
17 CITY OF RANCHO PALOS VERDES,         **OPPOSITION TO MOTION TO**
18 et. al.                              **DISMISS BY DEFENDANTS**
                                        **TOFANI AND GEOKINETICS**
19          Defendants.
20

21 AND ALL RELATED COUNTER-
   CLAIMS
22

23
24
25
26
27
28

# TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

Introduction  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

Argument

    I. GENERAL STANDARDS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

    II. TOFANI'S MOTION TO DISMISS THE THIRD AND FIFTH CLAIMS FOR RELIEF (FEDERAL DUE PROCESS AND EQUAL PROTECTION) SHOULD BE DENIED . . . . . . . . . . . . . . . . . . . . . . .  2

    III. TOFANI'S MOTION TO DISMISS THE FOURTH AND SIXTH CLAIMS FOR RELIEF (STATE DUE PROCESS AND EQUAL PROTECTION) SHOULD BE DENIED . . . . . . . . . . . . . . . . . . . . . .  6

    IV. TOFANI'S MOTION TO DISMISS THE SEVENTH CLAIM FOR RELIEF (FRAUD) SHOULD BE DENIED  . . . . . . . . . . . . . . . . . .  7

    V. TOFANI'S MOTION TO DISMISS THE EIGHTH CLAIM FOR RELIEF (BREACH OF CONTRACT) SHOULD BE DENIED  . . . . . . . .  9

    VI. TOFANI'S MOTION TO DISMISS THE NINTH CLAIM FOR RELIEF (IMPLIED COVENANTS OF GOOD FAITH AND FAIR DEALING) SHOULD BE DENIED . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

    VII. TOFANI'S MOTION TO DISMISS THE TENTH CLAIM FOR RELIEF (UNJUST ENRICHMENT) SHOULD BE DENIED  . . . . . . . .  11

    VIII. TOFANI'S MOTION TO DISMISS THE ELEVENTH CLAIM FOR RELIEF (INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE) SHOULD BE DENIED  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

    IX. TOFANI'S MOTION TO DISMISS THE TWELFTH CLAIM FOR RELIEF (UNFAIR BUSINESS PRACTICES) SHOULD BE DENIED  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

    X. TOFANI'S ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT SHOULD BE DENIED . . . . . . . . . . . . . . . .  14

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

# TABLE OF AUTHORITIES

**Cases**

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Alvarez v. Hill*, 518 F.3d 1152 (9th Cir. 2008) . . . . . . . . . . . . . . . . . 5,10,12,13

*Branch v. Tunnell*, 937 F.2d 1382 (9th Cir. 1991) ("*Branch I*") . . . . . . . . . . . . 3

*Branch v. Tunnell*, 14 F.3d 449 (9th Cir. 1994) ("*Branch II*") . . . . . . . . . . . . . 5

*Cabrera v. Martin*, 973 F.2d 735 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . 5,6

*Collins v. Womancare*, 878 F.2d 1145 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . 5

*Empress LLC v. City & County of San Francisco*, 419 F.3d 1052 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Farah v. Martin*, 122 F.R.D. 24 (E.D. Mich. 1988) . . . . . . . . . . . . . . . . . . . 14,15

*First Nationwide Savings v. Perry*, 11 Cal.App.4th 1657, 15 Cal.Rptr.2d 173 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) . . . . . . . . 3,6

*Gilligan v. Jamco Development Corp.*, 108 F.3d 246 (9th Cir. 1997) . . . . . . . . . 2

*Hubbs v. County of San Bernardino*, 538 F.Supp.2d 1254 (C.D. Cal. 2008)   14,15

*Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621 (9th Cir. 1988) . . . . 3,4

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) . . . . . . . . . . . . . . . . . . . 3

*Monks v. City of Rancho Palos Verdes*, 167 Cal.App.4th 263, 84 Cal.Rptr.2d 75 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,8

*Pareto v. F.D.I.C.*, 139 F.3d 696 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . 2

*Peloza v. Capistrano Unified School District*, 37 F.3d 517 (9th Cir. 1994) . . . . 2

*Resolution Trust Corp. v. Dean*, 854 F.Supp. 626 (D. Ariz. 1994) . . . . . . . . 14,15

*Sun Co. v. Badger Design & Constructors, Inc.*, 939 F.Supp. 365 (E.D. Pa. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,3,10

*United States v. Price*, 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966) . . . 5

**Other Authorities**

United States Constitution, Fourteenth Amendment (Due Process Clause)   . . . . 2

United States Constitution, Fourteenth Amendment (Equal Protection Clause)  . 2

29 U.S.C. §§ 621 et seq. (Age Discrimination in Employment Act) . . . . . . . . . . 3

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-7

42 U.S.C. §§ 2000e et seq. (Title VII)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Federal Rule of Civil Procedure 8(a)  . . . . . . . . . . . . . . . . . . . . . . . . 3,6,9,12,13

Federal Rule of Civil Procedure 9(b)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Federal Rule of Civil Procedure 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,5

Federal Rule of Civil Procedure 12(e)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

California Constitution, Art. I § 7(a) (Due Process Clause) . . . . . . . . . . . . . . . . 6

California Constitution, Art. I § 7(a) (Equal Protection Clause)  . . . . . . . . . . . . . 6

Rancho Palos Verdes Municipal Code § 16.04.040(A)  . . . . . . . . . . . . . . . . . . . 4

Rancho Palos Verdes Municipal Code § 16.20.120(A)  . . . . . . . . . . . . . . . . . . . 4

1

**INTRODUCTION**

2      Plaintiffs VH Property Corp. and VHPS LLC (collectively "VH") submit

3  this memorandum of points and authorities in opposition to the motion of

4  defendant Glenn Tofani and his company, defendant Geokinetics, Inc., also

5  known as Applied Geokinetics, to dismiss VH's third through twelfth claims for

6  relief.  The moving defendants are collectively referred to below as "Tofani."

7

**FACTS**

8      In brief, the complaint alleges that VH is the owner of property in

9  defendant City of Rancho Palos Verdes ("the City").  VH operates a golf course

10  on its property, and wishes to develop the property further.  Defendants William

11  Cotton, his company (Cotton, Shires & Associates), Stanley Helenschmidt, and

12  his company (Helenschmidt Geotechnical Inc.) are retained by the City to review

13  VH's geologic submissions.

14      Because of ongoing disputes between VH's geologists on one hand and

15  Cotton and Helenschmidt and their companies on the other, VH and the City

16  agreed to establish a peer review panel to resolve those issues.  The City and VH

17  each nominated one geologist, and those two geologists chose Tofani as the third,

18  neutral member.  However, while he was still reviewing VH's geologic issues and

19  casting deciding votes in favor of the City, Tofani was acting as the City's main

20  expert trial witness in *Monks v. City of Rancho Palos Verdes*, 167 Cal.App.4th

21  263, 84 Cal.Rptr.3d 75 (2008), testifying on the City's behalf regarding issues

22  similar to those before the peer review panel.  Therefore, Tofani had a conflict of

23  interest which he and the City knew about, although VH did not.

24      The complaint also alleges that the defendants have purposely required VH

25  to expend large sums of money on unnecessary and repetitive geologic testing

26  and reports, and have purposely delayed the processing of VH's applications, with

27  the intention ultimately of precluding development.

28

---

**ARGUMENT**

**I. GENERAL STANDARDS**

Motions to dismiss under Rule 12(b)(6) for failure to state a claim are disfavored and are rarely granted. *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). The complaint must be construed on the assumption that all of its factual allegations, and all facts reasonably inferred from them, are true. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 fn.1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). Moreover, the court must assume that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified School District*, 37 F.3d 517, 521 (9th Cir. 1994).

**II. TOFANI'S MOTION TO DISMISS THE THIRD AND FIFTH CLAIMS FOR RELIEF (FEDERAL DUE PROCESS AND EQUAL PROTECTION) SHOULD BE DENIED.**

The third and fifth claims for relief assert violations by the defendants of VH's rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment, respectively, and seek relief under 42 U.S.C. § 1983.

Tofani argues that the complaint is deficient in three ways in its assertion of federal constitutional claims against him: First, the complaint asserts that defendants were performing functions normally performed exclusively by municipalities, but it does not identify those functions. Motion at 4:10-13 and 4:19-23. Second, the complaint does not identify what "statute, ordinance, regulation, custom, or usage . . . of the City . . . was performed by Defendants." Motion at 4:14-18. Third, the complaint lacks "allegations regarding significant state involvement," leaving "Defendants guessing as to what specific acts were allegedly performed under the color of state law." Motion at 4:24-28.

In arguing that the complaint lacks sufficient detail, Tofani relies exclusively on four cases, all of which were decided in or before 1991. Motion at

1   4:2-7.  Insofar as they support Tofani's argument, those cases have been

2   overruled.

3   　　　Until the decisions in *Leatherman v. Tarrant County Narcotics Intelligence*

4   *& Coordination Unit*, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), and

5   its progeny, some circuits imposed a "heightened pleading requirement" on

6   complaints seeking relief under 42 U.S.C. § 1983.  *See id.* at 167.  The Ninth

7   Circuit distinguished between claims against municipalities and claims against

8   individuals.  For the former, it held that "a claim of municipal liability under

9   section 1983 is sufficient to withstand a motion to dismiss even if the claim is

10  based on nothing more than a bare allegation that the individual officers' conduct

11  conformed to official policy, custom, or practice."  *Karim-Panahi v. Los Angeles*

12  *Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988).  However, for claims against

13  individuals under § 1983 in which "subjective intent is an element," it imposed a

14  heightened pleading standard requiring "nonconclusory allegations setting forth

15  evidence of unlawful intent."  *Branch v. Tunnell*, 937 F.2d 1382, 1386 (9th Cir.

16  1991) ("*Branch I*").

17  　　　In *Leatherman*, the Supreme Court held that a complaint against a

18  municipality under § 1983 must only comply with the basic requirement of "a

19  short and plain statement of the claim showing that the pleader is entitled to

20  relief."  *Leatherman*, *supra*, 507 U.S. at 168, quoting Fed.R.Civ.P. 8(a)(2).  Later,

21  the Supreme Court extended that ruling to claims under Title VII and the Age

22  Discrimination in Employment Act.  *Swierkiewicz v. Sorema N.A.*, *supra*, 534

23  U.S. at 512-13.

24  　　　In 2002, in reliance on *Leatherman* and *Swierkiewicz*, the Ninth Circuit

25  overruled *Branch I* and held the heightened pleading standard inapplicable to

26  claims against individuals under § 1983 with regard to the issue of improper

27  motive.  *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1123-24, 1127 (9th

28  Cir. 2002).  Later, the Court held the heightened pleading standard inapplicable to

1  any claims against individuals under § 1983. *Empress LLC v. City & County of*
2  *San Francisco*, 419 F.3d 1052, 1055-56 (9th Cir. 2005).

3       In light of the ordinary and liberal rules of pleading applicable to cases
4  under § 1983, Tofani's three objections have no merit.

5       First, he argues that the complaint is defective for not identifying the
6  particular municipal functions performed by Tofani. Motion at 4:10-13 and 4:19-
7  23. However, all the complaint needs is "a bare allegation that the [individual's]
8  conduct conformed to official policy, custom, or practice." *Karim-Panahi, supra,*
9  839 F.2d at 624. In any event, the complaint does identify the function in
10 question, which is the geologic review of VH's development applications.
11 Complaint, ¶¶ 50, 52-53. Obviously, the evaluation of an application for a
12 municipal permit is a function normally performed by the municipality. *See, e.g.,*
13 Rancho Palos Verdes Municipal Code §§ 16.04.040(A),[1] 16.20.120(A).[2] By
14 reviewing development applications for the City, Tofani and the other defendants
15 are performing what is ordinarily a governmental function. In fact, the City has
16 delegated to Tofani actual and final decisionmaking authority in resolving the
17 disagreements between the other geologist defendants and VH's geologists.[3]

18 _____

19 [1]"No tentative tract or parcel map application shall be considered as filed or
20 complete until all required documents, supplemental information and materials
   have been submitted to the director, including without limitation ***geotechnical***
21 ***and/or soils reports . . . which have been approved by the city's geotechnical***
22 ***staff . . . .***" (Emphasis added.)

23 [2]"The preliminary soils and/or geology report shall be submitted to the city
   engineer for review. The city engineer may require additional information or
24 reject the report if it is found to be incomplete, inaccurate or unsatisfactory."

25 [3]VH requests that the Court take judicial notice of the contracts among the
26 parties annexed to the City's answer, both of which Tofani signed. *See* Exhibit A
   at page 72; Exhibit B at page 103. Exhibit A at pages 27-28 §§ 6 and 8, and
27 Exhibit B at page 82 § 8A, provide that "any decisions" by the three-member Peer
28 Review Panel, of which Tofani is purportedly the neutral and tiebreaking member,

1    Tofani's second objection is that the complaint does not identify what

2  "statute, ordinance, regulation, custom, or usage . . . of the City . . . was

3  performed by Defendants." Motion at 4:14-18. However, "A complaint need not

4  identify the statutory or constitutional source of the claim raised in order to

5  survive a motion to dismiss." *Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir.

6  2008). "[F]ederal complaints [must] plead claims, not causes of action or statutes

7  or legal theories." *Id.* at 1154. "To state a cause of action under § 1983," one

8  must only allege "that (1) some person has deprived him of a federal right; and (2)

9  that the person depriving him of that right acted under color of state law."

10 *Cabrera v. Martin*, 973 F.2d 735, 744-45 (9th Cir. 1992). VH has done this, and

11 more.

12   Tofani's third objection is that the complaint lacks "allegations regarding

13 significant state involvement" on his part. Motion at 4:24-28. Tofani does not

14 elaborate on this objection.

15   To be subject to suit under § 1983, a private individual must simply be "a

16 willful participant in joint activity with the State or its agents." *United States v.*

17 *Price*, 383 U.S. 787, 794, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966); *Adickes v. S.H.*

18 *Kress & Co.*, 398 U.S. 144, 152, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Collins v.*

19 *Womancare*, 878 F.2d 1145, 1154 (9th Cir. 1989). VH's complaint expressly

20

21 shall be binding on both the City and VH, who are obliged to "implement" the

22 Panel's recommendations "diligently." Similarly, Exhibit B at page 81 § 6

23 provides that the Panel shall "resolve disagreements" between the City's geologists

and VH's geologists.

24    "[D]ocuments whose contents are alleged in a complaint and whose

25 authenticity no party questions, but which are not physically attached to the

pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss. Such

26 consideration does not convert the motion to dismiss into a motion for summary

27 judgment." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) ("*Branch II*"),

overruled on other grounds, *Galbraith v. County of Santa Clara, supra*, 307 F.3d

28 at 1127.

1   alleges that Tofani "jointly engaged and willfully participated with the City in the
2   acts recited in this complaint, and acted with knowledge of and pursuant to 'a
3   statute, ordinance, regulation, custom, or usage' of the City within the meaning of
4   42 U.S.C. § 1983." Complaint, ¶ 13. Under the liberal pleading standards
5   established in *Galbraith*, *Cabrera*, and the other cases discussed above, VH has
6   satisfactorily alleged state action on Tofani's part.

7       Moreover, the complaint goes far beyond the simple requirements of Rule
8   8(a). With regard to Tofani's relationship with the City, the complaint also
9   alleges that he is a consultant to the City and a member of a peer review panel
10  retained to review issues concerning VH's development proposals (¶¶ 9, 50), that
11  he is the agent of the City (¶ 11), that the City "subsidized and regulated" his
12  conduct (¶ 14), and that he performed a function normally performed exclusively
13  by municipalities (¶ 15). With regard to his unconstitutional conduct, the
14  complaint alleges that he was purportedly the impartial tiebreaker on the peer
15  review panel, but performed his functions of reviewing VH's geologic issues
16  partially and with a conflict of interest because (a) while he was supposed to be
17  the impartial arbiter of VH's application, he was the City's principal expert
18  witness in the *Monks* case and testified on issues similar to those raised by VH;
19  (b) he has reviewed VH's applications partially; (c) he has caused VH to perform
20  unnecessary testing and analysis; and (d) he has made recommendations to the
21  City adverse to VH for the purposes of delaying or deterring VH's applications
22  and making more money for himself. Complaint ¶¶ 50-61.

23      The constitutional claims against Tofani therefore are adequately pled.
24  **III. TOFANI'S MOTION TO DISMISS THE FOURTH AND SIXTH**
25  **CLAIMS FOR RELIEF (STATE DUE PROCESS AND EQUAL**
26  **PROTECTION) SHOULD BE DENIED.**
27      VH's fourth and sixth claims for relief assert violations by the defendants
28  of plaintiffs' rights under the Due Process and Equal Protection Clauses of the

1  California Constitution.  Tofani's only objection to those claims is that they are

2  not pled in conformity with the requirements of 42 U.S.C. § 1983.  However, §

3  1983 does not apply to violations of state law, and VH does not seek relief under

4  § 1983 for those claims.  Tofani's objections do not address any pleading

5  requirements applicable to those claims.

6  **IV. TOFANI'S MOTION TO DISMISS THE SEVENTH CLAIM FOR**

7  **RELIEF (FRAUD) SHOULD BE DENIED.**

8  　　　　VH's seventh claim for relief asserts fraud on the part of all defendants.

9  Tofani moves to dismiss this claim on the ground that it does not meet the

10  heightened pleading requirements of Rule 9(b), which provides that "in all

11  averments of fraud or mistake, the circumstances constituting fraud or mistake

12  shall be stated with particularity."  Although Tofani asserts a host of uncertainties

13  in the complaint, all of them are illusory.

14  　　　　The basis of the fraud claim is simple:  all of the defendants purported to be

15  evaluating VH's applications fairly, and intended VH to rely upon those

16  representations, and VH believed and relied on them.  Complaint, ¶¶ 71-72, 76.

17  In fact, the defendants have not evaluated the applications fairly, and they knew

18  they were not evaluating them fairly.  Complaint, ¶¶ 53, 70, 74(a).  Rather, they

19  intended to delay the applications for as long as possible.  Complaint, ¶¶ 24, 32,

20  70, 77.  Beyond that, Tofani and the other geologist defendants have attenuated

21  approval of VH's projects by knowingly demanding excessive and unnecessary

22  information and testing, and have attempted to make as much money from VH as

23  they can.  Complaint, ¶¶ 31, 32, 39, 53, 54, 55, 56, 70, 74(a), 74(c), 75.  Tofani

24  also concealed from VH the fact that while he was purportedly acting as impartial

25  arbiter of VH's geologic issues, he was the City's main expert witness on similar

26  issues in the *Monks* trial, taking positions contrary to those advanced by VH

27  before the peer panel.  Complaint, ¶¶ 9, 59, 70, 72.

28  　　　　In light of these allegations, Tofani's assertion that he cannot make sense of

the fraud allegations cannot be taken seriously. In particular, he raises four specific questions about the fraud allegations, although the answer to each is obvious from the complaint:

**Question 1**: "Are we to assume all defendants made misleading or false statements?" Motion 6:1-2.

**Answer**: Yes. That is exactly what the complaint says: "Whenever defendants sought additional information from VH, or reported their conclusions to VH, or made decisions concerning VH's applications, *defendants* represented to VH that they would evaluate VH's development applications fairly." Complaint, ¶ 71 (emphasis added).

**Question 2**: "What were the alleged false or misleading statements?" Motion at 6:2.

**Answer**: "[D]efendants represented to VH *that they would evaluate VH's development applications fairly*." Complaint, ¶ 71 (emphasis added).

**Question 3**: "When were these alleged statements made and to whom?" Motion at 6:3.

**Answer**: "*Whenever defendants sought additional information from VH, or reported their conclusions to VH, or made decisions concerning VH's applications*, defendants represented *to VH* that they would evaluate VH's development applications fairly." Complaint, ¶ 71 (emphases added).

**Question 4**: "Why were the alleged statements false and misleading?" Motion at 6:3-4.

**Answer**: The statements were false and misleading because (a) defendants did not evaluate, or intend to evaluate, VH's applications fairly; (b) defendants intended to delay VH's development as long as possible; (c) defendants knowingly demanded excessive and unnecessary information and testing; and (d) Tofani had a conflict of interest due to his role in the *Monks* case. (*See* the citations to the complaint at 7:14-27 above.)

1  The real problem seems to be that Tofani does not believe VH's allegations
2  about the uniformity of the defendants' actions, and therefore mistakenly
3  concludes that the complaint is unclear: "The allegations further state conclusory
4  arguments that *all* defendants delayed the proposed development, *all* defendants
5  intended Plaintiffs to believe that they were reviewing the application fairly, and
6  *all* defendants never intended to grant the applications."  Motion at 5-8 (emphases
7  in original).  This summary demonstrates that Tofani understands the fraud
8  allegations perfectly.

9  **V. TOFANI'S MOTION TO DISMISS THE EIGHTH CLAIM FOR**
10 **RELIEF (BREACH OF CONTRACT) SHOULD BE DENIED.**

11  VH's eighth claim for relief asserts breach of contract on the part of all
12 defendants, on a third-party-beneficiary basis.  For this claim, as all others in this
13 case other than fraud, VH must only provide "a short and plain statement of the
14 claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a).  The
15 complaint satisfies this standard.  Complaint, ¶¶ 80-85.

16  As he did regarding the fraud claim, Tofani raises four questions that he
17 mistakenly asserts the complaint leaves uncertain:

18  **Question 1**: "What contractual relationship are Plaintiffs referring to?"
19 Motion at 7:7.

20  **Answer**: "[T]here are contractual relationships among defendants whereby
21 defendants are required to evaluate VH's development submissions fairly and
22 without undue delay or expense."  Complaint, ¶ 82.

23  **Question 2**: "Between whom?"  Motion at 7:7-8.

24  **Answer**: "[T]here are contractual relationships among defendants . . . ."
25 Complaint, ¶ 82.  The plain and obvious meaning of this allegation, which VH

26

27

28

1    intends, is that the relationships are among *all* the defendants.[4]

2       **Question 3**: "When?"  Motion at 7:8.

3       **Answer**:  Now.  The description of the contractual relationships is in the

4 present tense:  "there are contractual relationships among the defendants."

5 Complaint, ¶ 82.

6       **Question 4**: "For what purpose?"  Motion at 7:8.

7       **Answer**:  "[T]here are contractual relationships among defendants whereby

8 defendants are required *to evaluate VH's development submissions fairly and*

9 *without undue delay or expense*."  Complaint, ¶ 82 (emphasis added).

10       If Tofani finds these allegations inadequate, his proper remedy lies in

11 procedures other than dismissal.  Rule 8's "simplified notice pleading standard

12 relies on liberal discovery rules and summary judgment motions to define

13 disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz*,

14 *supra*, 534 U.S. at 512; *Alvarez*, *supra*, 518 F.3d at 1157.

15 **VI. TOFANI'S MOTION TO DISMISS THE NINTH CLAIM FOR RELIEF**

16 **(IMPLIED COVENANTS OF GOOD FAITH AND FAIR DEALING)**

17 **SHOULD BE DENIED.**

18       VH's ninth claim for relief asserts breach of the implied covenants of good

19 faith and fair dealing.

20       Much of Tofani's argument is a repetition of his assertions concerning the

21 eighth cause of action, and is incorrect for the reasons stated in VH's response on

22 that point.  Tofani also argues that "There are no facts alleging an actual

23 agreement between the parties," and that an allegation of an implied agreement

24 _____

25 [4]If one considers each individual geologist and his company to be aligned in
both interest and action (an assumption particularly justified since each geologist

26 shares counsel with his company), there are in effect only four defendants:  the
City, Cotton and his company, Helenschmidt and his company, and Tofani and his

27 company.  An assertion that all the defendants did a particular act is neither

28 factually unlikely nor difficult to answer.

1   (complaint, ¶ 87) is not enough.  Motion at 8:3-8.

2          Regardless of whether an implied agreement is enough, the ninth claim for

3   relief asserts the existence of express contracts.  Paragraph 86 incorporates ¶ 82,

4   in which express contracts are alleged.

5   **VII. TOFANI'S MOTION TO DISMISS THE TENTH CLAIM FOR**

6   **RELIEF (UNJUST ENRICHMENT) SHOULD BE DENIED.**

7          VH's tenth claim for relief asserts unjust enrichment.

8          Tofani argues that for such a claim to succeed, "The person receiving the

9   benefit is required to make restitution only if the circumstances are such that, as

10  between the two individuals, it is unjust for the person [receiving the benefit] to

11  retain it."  Motion at 8:16-18, quoting *First Nationwide Savings v. Perry*, 11

12  Cal.App.4th 1657, 1662, 15 Cal.Rptr.2d 173 (1992).  Tofani concludes that

13  "There is no claim that Defendants were paid for work they did not perform," and

14  that the claim for unjust enrichment therefore must fail.  Motion at 8:24-26.

15         Tofani has cited no authority for the notion that a claim of unjust

16  enrichment may be asserted only when the defendants "were paid for work they

17  did not perform."  However, even under that restricted definition of unjust

18  enrichment, VH has stated such a claim, because VH alleges that it paid Tofani

19  for impartial review, which Tofani did not provide.  Complaint, ¶¶ 52-54, 89.

20  **VIII. TOFANI'S MOTION TO DISMISS THE ELEVENTH CLAIM FOR**

21  **RELIEF (INTENTIONAL INTERFERENCE WITH PROSPECTIVE**

22  **ECONOMIC ADVANTAGE) SHOULD BE DENIED.**

23         VH's eleventh claim for relief asserts intentional interference with

24  prospective economic advantage.

25         The entire premise of Tofani's attack on this claim for relief is incorrect.

26  He argues that VH's "allegations are conclusory and fail to state specific facts to

27  each element of this cause of action."  Motion at 9:13-14.  However, "Notice

28  pleading requires the plaintiff to set forth in his complaint *claims for relief*, not

---

1  causes of action." *Alvarez, supra*, 518 F.3d at 1157 (emphasis in original).  In

2  other words, a complaint does not have to "contain specific facts establishing a

3  prima facie case," but "instead must contain only 'a short and plain statement of

4  the claim showing that the pleader is entitled to relief.'"  *Swierkiewicz, supra*, 534

5  U.S. at 508, quoting Fed.R.Civ.P. 8(a)(2).

6      Besides mistakenly applying a standard of code pleading rather than notice

7  pleading to this claim, Tofani errs in challenging VH's satisfaction of each

8  element of a claim for intentional interference with prospective economic

9  advantage even under a code pleading standard.

10      First, Tofani argues that the complaint makes "no mention of an actual

11  economic relationship with a third party, only the potential of a future benefit for

12  developing the property."  Motion at 9:20-21, 10:1-2.  However, the complaint

13  does make such allegations.  For example, it alleges that it does business with

14  professional and amateur golfers on a continuing basis:

15          19. VH is the owner of property in the City, including the real
            property and business known as Trump National Golf Club.
16          The Trump National Golf Club operates one of the premier
            golf courses in the United States.
17

18                               * * *

19          93. VH had prospective business advantages in the
            development projects . . . in multiple ways, including that . . .
20          (b) the terrace would increase sales . . . at the clubhouse, and
            (c) the trees would enhance the golf course and make it more
21          attractive to professional and amateur golfers.

22      Second, Tofani argues that "the Complaint insufficiently alleges

23  Defendants' knowledge of the relationship."  Motion at 9:22.  However, the

24  complaint states that "defendants knew about the prospective business advantages

25  listed above."  Complaint, ¶ 94.  Tofani does not explain what is inadequate about

26  this allegation, even under a code pleading standard.

27      Third, Tofani argues that "the allegations are wholly deficient of

28  intentional acts by Defendants designed to disrupt the relationship."  Motion at

---

1   9:23-24.  However, the complaint lists such acts in detail.  With regard to Tofani

2   alone, *see* ¶¶ 24, 28, 31, 39, 50-56, 58, 71, 74-77, 81, 84, 90.  Once again, Tofani

3   does not explain what is "wholly deficient" about these allegations.

4   **IX. TOFANI'S MOTION TO DISMISS THE TWELFTH CLAIM FOR**

5   **RELIEF (UNFAIR BUSINESS PRACTICES) SHOULD BE DENIED.**

6          VH's twelfth claim for relief asserts unfair business practices.  Tofani raises

7   three objections to this claim.

8          First, he argues that "the cause of action is nothing more than a conclusory

9   argument unsupported by facts . . . related to the alleged nature of [defendants']

10  unlawful, unfair, or fraudulent business practices."  Motion at 10:17-19.  As

11  explained above, Rule 8 does not require the detailed recitation demanded by

12  Tofani.  Nevertheless, the complaint actually does describe Tofani's unfair

13  business practices in detail.  *See* ¶¶ 24, 28, 31, 39, 50-56, 58, 71, 74-77, 81, 84,

14  90.  Tofani does not explain why these allegations are insufficient.

15         Second, Tofani argues that "there are numerous defendants mentioned

16  throughout the Complaint, therefore, Defendants do not know which wrongful

17  conduct they have allegedly engaged in."  Motion at 10:20-22.  However, as VH

18  explained above regarding the breach of contract claim, the plain, obvious, and

19  intended meaning of any reference in the complaint to "defendants" is ***all*** the

20  defendants.

21         Third, "Plaintiffs do not allege a violation of any specific Business &

22  Professions Code; therefore Defendants are left to guess which Code Section

23  Plaintiffs may be referring to."  Motion at 10:22-24.  However, "A complaint

24  need not identify the statutory or constitutional source of the claim raised in order

25  to survive a motion to dismiss."  *Alvarez, supra,* 518 F.3d at 1157.

26  ///

27

28

# X. TOFANI'S ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT SHOULD BE DENIED.

Tofani moves for an order requiring a more definite statement on the ground that the complaint "is so vague and ambiguous that [he] cannot reasonably prepare a response." Motion at 11:13-14. He then summarizes the arguments grounds previously asserted in support of his motion to dismiss. Motion at 11:15-12:27.

Motions for more definite statements under Rule 12(e) are disfavored. *Resolution Trust Corp. v. Dean*, 854 F.Supp. 626, 649 (D. Ariz. 1994); *Farah v. Martin*, 122 F.R.D. 24, 25 (E.D. Mich. 1988). "It always should be borne in mind that the federal rules reflect the judgment that polishing the pleadings by means of motion practice rarely is worth the effort." *Ibid.* (citation omitted).

"[A] motion for a more definite statement under Rule 12(e) should be granted only where the complaint is so indefinite that the defendants cannot ascertain the nature of the claims being asserted and literally cannot frame a responsive pleading." *Hubbs v. County of San Bernardino*, 538 F.Supp.2d 1254, 1262 (C.D. Cal. 2008) (citation omitted). Such a motion "is appropriate when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to itself." *Sun Co. v. Badger Design & Constructors, Inc.*, 939 F.Supp. 365, 368 (E.D. Pa. 1996) (citation omitted). Motions for more definite statements "are appropriately granted only if there is a major ambiguity or omission in the complaint that renders it unanswerable." *Farah, supra*, 122 F.R.D. at 25.

As VH has demonstrated at length above, there is no "major ambiguity" in the complaint making it "so vague and ambiguous" that Tofani cannot even "ascertain the nature of the claims being asserted" and "literally cannot frame a responsive pleading," even in the form of "a simple denial." Tofani's argument that he cannot respond to any of the claims for relief is really a request for more

1  detail, even though, as VH has demonstrated above, most of the details Tofani

2  says are lacking are already stated with clarity in the complaint. *See*, *e.g.*, 8:4-

3  28, 9:18-10:9 above.  In any event, a "motion for more definite statement attacks

4  unintelligibility in a pleading, not simply mere lack of detail." *Hubbs*, *supra*, 538

5  F.Supp.2d at 1262; *Resolution Trust*, *supra*, 854 F.Supp. at 649.  Tofani has

6  identified no instance of unintelligibility in the complaint, nor has he asserted

7  there is one.

8      In short, "plaintiffs need not plead 'evidentiary facts'; that is, they need not

9  set down in detail all the facts on which they base their claims.  Rather, full

10  development of the facts and narrowing of contested issues are to be

11  accomplished through discovery and other pretrial procedures." *Farah*, *supra*,

12  122 F.R.D. at 25.  Discovery, not a more definite statement, is the appropriate

13  means for Tofani to obtain whatever additional information he thinks he needs.

14                    **CONCLUSION**

15      Tofani's motion should be denied in its entirety.

16  Dated:  March 12, 2009

17

18  SCOTT W. WELLMAN

19  STUART MILLER

    Attorneys for Plaintiffs

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

1

2     I am over the age of 18 and I am not a party to the within action. I am employed by law firm of WELLMAN & WARREN LLP Attorneys at Law, 24411

3 Ridge Route, Suite 200, Laguna Hills, California 92653.
    On March 12, 2009, I served the attached document, titled as follows:

4 **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES**

5 **IN OPPOSITION TO MOTION TO DISMISS BY DEFENDANTS**

6 **TOFANI AND GEOKINETICS**

7     in this action, by placing true copies thereof in sealed envelopes, addressed as follows:

8 Carol Lynch, City Attorney

9 Mitchell E. Abbott
RICHARDS WATSON & GERSHON

10 355 South Grand Avenue, 40th Floor
Los Angeles, CA 90071

11 Facsimile: (213)626-0078

12 Attorney for City of Rancho Palos Verdes

13 David B. Casselman

14 Catherine S. Garcia
WASSERMAN COMDEN & CASSELMAN, LLP

15 5567 Reseda Boulevard, Suite 330
P.O. Box 7033

16 Tarzana, CA 91357-7033

17 Facsimile: (818)345-0162

18 Attorneys for William Cotton and Cotton, Shires & Associates

19 Eric Liedle
Liedle, Getty & Wilson, LLP

20 12555 High Bluff Dr Ste 270

21 San Diego, CA 92130
Facsimile: (858) 847-3365

22 Attorney for Helenschmidt Geotechnical, Inc. and Stanley Helenschmidt

23

24 Esther P. Holm
Rachel W. Menkes

25 LEWIS BRISBOIS BISGAARD & SMITH

26 650 Town Center Drive, Suite 1400
Costa Mesa, California 92626

27 Facsimile:  (714) 850-1030

28 Attorneys for Glen Tofani and Geokinetics, Inc.

1

PROOF OF SERVICE

1

[x]    (BY U.S. MAIL)  I am readily familiar with the firm's practice of

2  collection and processing correspondence for mailing.  Under that practice it would
be deposited with U.S. Postal Service on that same day with postage thereon fully

3  prepaid at Laguna Hills, California in the ordinary course of business.  I am aware
that on motion of the party served, service is presumed invalid if postal

4  cancellation date or postage meter date is more than one day after date of deposit
for mailing in affidavit.

5

[ ]    (BY PERSONAL SERVICE)    I caused to be delivered such

6  envelope by hand to the offices of the address.

7

[]    (BY FACSIMILE)  I caused such document to be transmitted via

8  facsimile to the offices of the address from facsimile machine whose telephone
number is listed above.

9

[]    (BY OVERNIGHT DELIVERY)  I caused personal delivery of such

10  envelope, by placing such envelope for collection and delivery fees paid or
provided for in accordance with ordinary business practices.

11

[x]    (Federal) I declare that I am employed in the office of a person

12  authorized to practice law in this Court at whose direction the service was made. I
declare under penalty of perjury under the laws of the Unites States of America

13  that the above is true and correct.

14

[]    (State)    I declare that I am employed in the office of a member of the

15  Bar of this Court at whose direction the service was made. I declare under penalty
of perjury under the laws of the State of California that the above is true and

16  correct.

Executed March 12, 2009 at Laguna Hills, California.

17

18  _____

Bimali Walgampaya

19

20

21

22

23

24

25

26

27

28

2

PROOF OF SERVICE